IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUL 0 1 2021

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| Kenneth Taylor | § | |
| PLAINTIFF | § | |
| | § | CIVIL ACTION No._____ |
| v. | § | (clerk will assign Number) |
| | § | |
| Bryan Collier, ET AL., | § | |
| DEFENDANT | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OF LAW

## IN SUPPORT OF 42 U.S.C.

## § 1983

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Plaintiff, Kenneth Taylor, is a disabled person as defined by THE AMERICANS WITH DISABILITIES ACT; THE AMERICANS WITH DISABILITIES ACT AMENDMENT ACT; and THE REHABILITATION ACT.

The Plaintiff files this Suit Pursuant to the Americans with Disabilities Act and and Rehabilitation Act 42 U.S.C. §12132 and 29 U.S.C. §794.

### I. PRO SE LITIGATION RULE

Pleadings of a pro se complaint should be held to a less Stringent Standards, than Formal Pleadings drafted by Lawyers. court must consrue Pro Se Pleadings and arguments liberally in light of the Party's lay status, but Zealously guard their raison d'ere as neutral and unbias arbite. KING v. LIFE SCHOOL, 809 F. Supp. 2d 577 (N.D. Texas 2011); and SHAW v. BISCO, 541 F.2d 489 (5th Cir. 1976, 97 S. Ct. 1556 cir. den.)

### II. EXHAUSTION OF ADMINISTRATION
### REMEDIES

It is required under PLRA, that a prisoner must exhaust all available admin-istrative remedies 42 U.S.C. §1997e(a).

The Plaintiff has exhauste his Administrative remedies in Grievance # 2019168107, Steps 1 & 2, and Grievance #201913358. These Grievances were filed in July 2019, and the Step 2 Grievance in November 2019, & January 2020, While the RAYMOND L. CAVITT, ET AL., Civil Action No.4:19-cv-02881, was pending in Court. This case was dismissed without Prejudice on June 08, 2020. SEE:(Exhibit; A).

The Plaintiff has Since tried everything in his power to further exhaust and resolve the issues that are the subject matter of this Suit. The Plaintiff first sent letters to each and every Defendant requesting their help in resolving this matter before filing Step 1 Grievance #2021099743, on April 18, 2021. Again he sent letters to each of the Defendants requesting a resolution and to be placed in A/C housing. The Step 1 was returned to him on May 27, 2021. The Defendants response on Step 1 is as foolws: "your Grievance was investigated and disclosed, your are approprately house Per SCC. There is not and A/C bed to accommodate the inmates Medical needs at this time. Heat Score review 03/05/21. No further action wabranted."

The Plaintiff next filed his Step 2 Grievance on June 1, 2021. Again he sent intervention of the Courts. The Step 2 was returned on_____, SEE; (Exhibit; A).

### III. BACKGROUND OF ACTION

The Plaintiff has repeatedly requested reasonable accommadations for his dis-abilities, in the form of Air-Condition Housing, for which is available at the Jester III. Unit.

Plaintiff was a Party of a legal action that took Place in this very Court is in "PART" of the Subject matter of this action. Please SEE: RAYMOND L. CAVITT, ET AL., v. LORIE DAVIS, ET AL., Civil Action No.4:19-cv-02881.

In that case the Defendants told this Court: "TDCJ is committed to housing all 12,000 Offenders with heat-Sensitive Score in AirConditioned housing by 2021. These measures are appropriate within the Correctional Context and effective to reasonably accommodate the named Plaintiffs." SEE:(Defendants Motion to dis-miss and Summary Judgment, dated February 10, 2020. page 38).

The Defendants also Stated in this same Court document: "A more appropraite tailored remedy would accommodate the Plaintiffs specifically, rather than the entire Jester III. unit." (SEE page 39).

As of the time of filing this action the Plaintiff has not been accommodated in Air-Condition housing.

The Plaintiff would like to bring to the Courts attention he was at the Wallace Pack Unit in Navasota, Texas from August 2014 - January 2017 while the **Cole v. Collier, case** #4:14-cv-1698 was taking place, but due to his Medical Condition/ disabilities was moved at the request of Medical Specialist at U.T.M.B. Galveston to be as close as Possible to the Hospital. (SEE: Exhibits B & C Medical records from hospital Galveston and Unit Provider at the Pack Unit.)

The Plaintiff is classified as a Heat Sensitive Offender with a Seat Score of 1. SEE: (Exhibit D a Copy of Plaintiff's "Health Summary for Classification").

The Plaintiff suffers from a number of Medical Condition/disabilities that are **"Highly Aggravated"** by the Heat. These condition/disabilities range from Asthma to Recurren Seizures, but most noted are Chronic Ischmic heart Disease, and **C**oratid Artery Stenosis Disease. (SEE: Exhibit E & F. Plaintiff's Medical problems Description sheet and Medical records from UTMB Neurology Department). Each and everyone of these Medical Condition is highly effected by the Heat.

The Plaintiff has exhausted all his Administrative remedies and still to this day seeks all possible remedies other than intervention from the Court, but the Defendants are refusing to respond, return or Process his Grievances. Because of this, the Plaintiff may ask the Court to Amend this Suit at a later date to add additional Defendants and grounds for denial of Access to Courts a Sixth Amendment Violation.

## IV. STANDARD OF REVIEW AND
## APPLICATION OF THE LAW

In this Case at Bar, there are a number of elements at work and each has it's own standard and application of the Law, they are as follows:

(1) The requirements of and definition of a Disabled person under the A.D.A.;

A.D.A.A.A.A; and R.A. ...

(2) Discrimination of a Disabled Person. The requirements and Application
of the Law.

(3) Failure to give reasonable accommodations to a Disable Person and the
application of the Law.

(4) Deliberate Indifference and how it applies in  A.D.A.; A.D.A.A.A; and R.A.
cases.

(5) intentional Discrinination of a Disabled Person.

(1)

REQUIREMENTS AND DEFINITION

OF A DISABLED PERSON UNDER

A.D.A.; A.D.A.A.A.; AND R.A..

The Definition and Reqiuirements given by the UNITED STATES CONGRESS, define
a Disabled Person al listed in 42 U.S.C. §12102,(1)(A),(2)(1),(B)(1).

The Section Heat applies to the Plaintiff is 42 U.S.C. 12102 (2)(B)(1), and
reads as follows:(B) Major Bodily Functions:(1) A Major Life activity also in-
cludes the operation of Major bodily functions, including, but not limited to
functions of the immune system, normal cell growth, difistive, bowel, blesser,
neuroligical,brain,respiratore,circulatory,endocrine, and re-productive functions.

As stated in the Background of this Memorandum the Plaintiff has a Number of
Medical conditions/Disabilities that are highly aggravated by the Heat. The
Plaintiff will now show each one of these and how they relate to the Heat and
A.D.A.; A.D.A.A.A; & R.A..

(i) CAROTID ARTERY STENOSIS DISEASE:

This Medical condition/disability effects 3 of the listed in 42 U.S.C. 121,
(2)(B)(1), and by itself shows that Plaintiff is disabled made the A.D.A.; A.D
A.A.A.; and R.A. provisions.

The effects of the Heat to this illness/medical condition/disability are down
right dangerous as stated by HARVARD MEDICAL SCHOOL. Medical experts at one of

the leading Medical Schools; defines the dangers of the heat to such illnesses as the Plaintiffs. See:(Exhibit; G, a 3 page Article from harvard Health Publishing on effects of the heat). also See: (Exhibit H, a 2 page article from the National Institute of Enciromental Health Sciences, on Cardivascular Disease and Stroke, relating to heat.)

It's shown here that the heat has a Major effect on the Plaintiff's Medical condition/disability and can cause Major medical problems and or death.

## (ii). CHRONIC ISCHEMI HEART DISEASE:

This Medical condition/disability effects the circulatory system, a Major bodily function. This medical condition/disability is the narrowing of arteries that function with the blood supply from the heart to the other body parts. This is most commonly caused by Cholesteral-narrowed arteries.

This medical condition/disability plays a Major role in cooling the body when hot. SEE: (Exhibit: G. Harvard Health Publishing a 3 page article). This also Stresses the Heart.

This now, shows Plaintiff has two medical condition/disabilities hat are effected by the heat and are Major bodily functions for which will classify him under A.D.A.; A.D.A.A.A.; and R.A..

## (iii). SEIZURE DISORDER:

The Plaintiff started having seizures after having a Stroke for which is related to his CAROTID ARTERY STENOSIS DISEASE. This medical condition/disability has a Major effect on the Plaintiffs Brain and Neurological functions. It has been well noted that the heat has major effects on people with Seizure Disorder and the effectiveness of their Medications to combat this Medical Condition/Disability. This is one of the reasons the Plaintiff has the following Medical restrictions: No Work in Direct Sunlight; No Temperature Extremes; and No Humidity Extremes.

This makes three Medical Condition/Disabilities that are effected by the heat and are a Major bodily function as Defined by A.D.A.; A.D.A.A.A.; and R.A..

## (iv). ASTHMA:

The Plaintiff has mild intermitten Asthma and at times has to use a inhaler (Albuterol sulfate). This Medical Condition/Disability is part of the Respiratory System and another Major bodily function listed under A.D.A.; A.D.A.A.A.; and R.A..

It's well noted by Medical Specialist around the World that Heat & Humidity have a Major effect on people with "Asthma". When hot, humidity, and over Heated tese people are more prone to have an Asthma attack, or hard time breathing.

The Plaintiff has now shown he has FOUR MAJOR MEDICAL CONDITIONS/DISABILITIES, that have to do with Major Bodily Functions and are highly aggravated by the heat. The Plaintiff has not listed all the other Medical Conditions that could also be considered disabilities like: Hypothyroidism; History of TIA on Cerebral infractions; Essential Hypertension; Gastro-Esophageal reflux Disease; Mononeuropathies; Enlarged Prostate; and Dizziness & Ciddness.

The Plaintiff is classified as a Heat Sensitive inmate with a Heat Score of 1(One), with Major underlining Health Conditions. he is one of those 12,000 Heat-Sensitive Offenders the Defendants told "this Court would be in Air-Conditioned housing "BY 2021". He is also that Same Offender State Classification told he could not be housed on any of the other Air-Conditioned units, because of Classification reasons, Medical requirements or distance from Hospital Galveston. The Plaintiff is also that same Offender the Defendants Say "There is not an A/C bed to accommodate the inmates Medical needs at this time." Response on last Grievances filed. The Plaintiff is houses across the hall from two A/C dorms at this time and knows for fact there is a least one open bunk in that dorm if not more, not counting the Shelter Housing area.

Furthermore the Plaintiffs Medical Condition/Disability, was such a risk to his life that he was moved from the Wallace pack Unit in navasota, Texas where he was housed from August 2014 till January 2017. Just months before this Court ordered those inmates be protected from the same Heat Problems the Plaintiff is going through at this time. See; (Exhibits; B & C, medical records from U.T.M.B. Hospital and the Pack Unit Medical Provider.)

The above Medical Conditions/Disabilities & Exhibits show that the Plaintiff

is a disabled person as defined by A.D.A.; A.D.A.A.A.; & R.A.; SEE: 42 U.S.C. §12102(2)(B)(1); and <u>McCullum v. Livingston, 2017 U.S Dist. 19602, Civil Action No. 4:14-cv-3253 at (2017 U.S. Dist. LEXIS 102)</u>...

(2)

DISCRIMINATION OF A
<u>DISABLED PERSON</u>

Disability Discrimination under A.D.A.; A.D.A.A.A.; and R.A.differs from discrimination in the constitutional Sense, because the Statute Contains its own definition of dDscrimination. SEE: <u>MELTON v. DALLAS AREA RAPID TRANSIT, 391 F.3d 669, 672 (5th cir.(2004)</u>.

For example, discrimination may include a defendant;s failure to make reasonable accommodationsto the needs of a disabled person. SEE also: TITLE II, of the A.D.A. "Public entities generally are required to make reasonable modification to avoid discrimination on the basis of diability. SEE: <u>TENNESSEE v. LANE, 541 U.S. 509, 513, 124 S. Ct. 1976 (2004)</u>.

Congress recognized that failure to accommodate a person with disabilities when often have the same practical effect as our right exclusion or discrimination.

In the Prison context, failure to make reasonable accommodations to the needs of a disabled person may have some effect of discrimination against that Prison, because the lack of an accommodation and Punishment than a non-disabled Prisoner. SEE: <u>UNITED STATES v. GEORGIA, 546 U.S. 151, 126 S. Ct. 877 (2006); and McCOLLUM v. LIVINGSTON, U.S. DIST. 2017 LEXIS 19602, CIVIL ACTION No.4:14-cv-3253</u>.

In the Case at Bar the Plaintiff has shown that he is a disabled person as defined by A.D.A.; A.D.A.A.A.; and R.A.; as well as this Court and The Supreme Court of the United States.

Furthermore the Plaintiff has been refused reasonable accommodations by the Defendants. The Defendant told this very Court the Plaintiff would be accommodated by 2021. SEE: <u>RAYMOND L. CAVITT, ET AL., v. LORIE DAVIS ET AL., CIVIL ACTION</u>.

No.4:14-cv-02881 (See defendants motion to dismiss and Summary Judgment pages
38 & 39 dated February 10, 2020).

The Plaintiffs last grievance the Defendants openly State there is no A/C
bed to accommodate the inmates Medical needs at this time. The Plaintiff will
State for the record that he knows there are bunks open on the A/C dorms at the
Jester III. Unit, and if there was really not one, they could make one available
by moving one of the inmates that does not have medical and classification re-
strictions to one of the other ▓▓ A/C Units Plaintiff cannot be housed on.

This on going and Present day refusal of reasonable accommodations has been
harmful to the Plaintiff in the form of suffering more Pain and Unusual Punish-
ment than a non-disabled Prisoner. This Pain and harm comes in a number of ways:
Tranien Ischemic Attacks (T.I.A.'s or known as Minis-Strokes); Seizures; Dizzi-
ness; and the very real possibility of Cerebral Infractions (Stroke) taking
place when over heated. SEE: (Exhibits G & H, a 3 page article from Harvard Health
Publishing on effects of the heat; and a 2 page article from the national Inst-
itute of Enviromental health Sciences, on Cardivascular Disease and Stroke, re-
lating to heat0. As the Court can see the heat could prove fatal.

### (3)

### FAILURE TO GIVE REASONABLE
### ACCOMMODATION FOR A DISABLED PERSON

Failure to accommodate falls into a number of areas. (i) Failure to accommo-
date is by definition under A.D.A.; A.D.A.A.A.; and R.A.; consitutes exclusion
from participation in or...denial of. SEE: U.S.C. §121321 UNITED STATES v.
GEORGIA, 546 U.S. 151 at 159, S. Ct. 877; and YESKEY 524 U.S. at 210, 118 S. Ct.
1952. (ii) Failure to accommodate also Constitutes discrimination, as defined
in the A.D.A. Statue. SEE: DALLAS AREA RAPID TRANSIT, 391, F.3d 669, 672 (5th
Cir. 2004); TENNESSEE v. LANE 541 U.S. 509, 531, 124 S. Ct. 197 (2004); and
McCULLUM v. LIVINGSTON, 2017 U.S. Dist. LEXIS 19602, Civil Action No.4:14-cv-
2353 at (2017 U.S. Dist. Lexis 117 & 118). (iii) Failure to accommodate also
brings into action under TITLE II the ability to file Suit for Monetary damages
▓▓▓ against Public entities and enforcement of Provision of 1 of the FOURTEENT
AMENDMENT. SEE: NITED STATES v. GEORGIA, 546 U.S. 151 at 157, 126 S. Ct. 877;
and EX REL. Francis v. RESWEBER, 329 U.S. 459, 67 S. Ct. 374 (Plurality Opinion)

[the Due process Clause of the Fourteenth Amendment incorporates the Eighth Amendments guarantee against Cruel and Unusual Punishment.]

In the Case at Bar, Plaintiff has been denied reasonable accommodations repeatedly. Due to Plaintiffs Medical Condition/Disabilities that are highly exaggerated by the heat, the Plaintiff needs the accommodations of Air-Conditioned housing for which is available at the Jester III. Unit. The Defendant refuse to make those accommodations available to the Plaintiff even-though he is classified as a heat Sensitive offender. SEE: Exhibit; D,(Health Summary for Classification). The Defendants openly state the Plaintiff has a Medica Condition/Disability that needs Air-Condition housing, but also States it's not available at this time, SEE: (Exhibit; A, Grievance #2021099743).

Furthermore the Defendants have Stated Plaintiff can not be housed on any of the other Air-Conditioned Units for a number of reasons, so that would mean the jester III. Unit is the only Unit that can provide the needed accommodations. SEE: (Exhibit; I, Letter from Texas Department of Criminal Justice State Classification).

This being the case, it is clearly Disability Discrimination and Cause for legal action for Monetary Damages and enforcement of Provisions.

### (4)
### DELIERATE INDIFFERENCE AND
### HOW ITS APPLIED TO A.D.A.; A.D.A.A.A.:
### AND R.A. CASES

Deliberate Indifference is a very extreme and hard Standard to meet. In A.D.A.; A.D.A.A.A.: AND R.A. claims it's not a required Standard. But the Plaintiff will be seeking damages in this case. The Callous Indifference requirement for Punitive damages is essentially the same as deliberate indifference required for findings of liability on §1983, claims. SEE: COOPER v. DYKE, 814 F.2d 941, 948 (4th Cir. 1987), also SEE: HILL v. MARSHALL, 962 F.2d 1209 (6th Cir. 1996).

Deliberat Indifference is defined as failure to act where Prison Officials have knoledge of a Substantial risk of Serious harm to inmates Health or Safety. FARMER v. BRENNAN, 511 U.S. 825, 837 (1994).

The Prison Official in the Case at Bar were 100% knowledgable of the Substantial risk to the Plaintiff for the following reasons and evidence: (i) The Plaintiff has repeatedly communicated with all the Defendants Via. Letters Stating all his Medical Conditions/Disabilities. SEE: (Exhibit; J, Letters to Defendants.) (ii) Letter from State Classification trying to Justify why Plaintiff is not in A/C housing, clearly Stating he has Medical needs for Such. SEE: (Exhibit; I, letter from State Classification). (iii) The Plaintiffs Health Summary for Classification also known as H.S.M. 18, shows that the Plaintiff is a Heat, Sun, and Humidity restricted inmate. This also shows he has been Classified as Heat Sensitive inmate with a Heat Score of 1. SEE: (Exhibit; D, Plaintiffs Health Summary for Classification). (iv) The Defendants acknowledgment that Plaintiff has a Medical need for an Air-Condition bed. SEE: (Exhibit A, Grievance # 1. 20210997430.

The above facts and exhibits "Evidence" fulfill this element of Deliberate Indifference. The Second element under FARMER, is the seperation of acts or omissions that amount to intentional choices from those that are merely negligent or otehrwise unintentional over sights. SEE: <u>DOMINO v. TEXAD DEP't OF CRIMINAL JUSTICE, 114 F.3d 539, 551 (5th Cir. 1997); and ESTELLE v. GABLE, 429 U.S. 97, 105-106 (1997)</u>.

The Plaintiff meets and exceeds this element through the evidence above. The Defendants are intentionally refusing Plaintiff Air-Condition housing even after they told this Court in February 2020; "TDCJ is committed to housing all 12,000 offenders with Heat-Sensitive Scores in Air-Conditioned housing by 2021. These Measures are appropriate within the Correctional Context and effective to reasonably accommodate the named Plaintiff's". The Defendants also Stated; "A more appropriate tailored remedy would accommodate Plaintiff's Specifically, rather than the entire Jester III. Unit." SEE: <u>RAYMOND L. CAVITT, ET AL., v. LORIE DAVIS, ET AL., Civil Action No.4:19-cv-02881, Defendants motion to Dismiss and Summary Judgment Pages 38-39)</u>.

This being the Case the Defendant cannot say (A) I didn't know; (B) It was merely negligence; or (C) Unintentional. Because Plaintiff told them, they responded, and the Jester III. Unit does have A/C beds and there are open beds that could house Plaintiff. Therefore this makes it knowingly and intentionaly.

Plaintiff needs not to show Deliberate Indifference under, TITLE II OF

AMERICANS WITH DISABILITIES ACT, But rather, Plaintiff must show: (1) He is a qualified individual with a disability within the means of A.D.A.. "The Plaintiff is and he has;". (2) He was excluded from participation or denied of meaningful access to servies. Programs and activities or was otherwise discriminated against by the Defendants. "Plaintiff is being discriminated against by defendants refusal to accommodate his disabilities." (3) Such exclusion, denial of benefits or discrimination is by reason of his disability. "The Plaintiff's disability requires Air-Conditioned housing, for which the Defendants are excluding him from on the basis its not available, but is untrue it is available." SEE: LIGHTBOURN v. COUNTY OF EL PASO TEX. 118 F.3d 421, 428 (5th Cir. 1997), Therefore Plaintiff has gone above the requirement needed to show his claim under TITLE II of A.D.A.; A.D.A.A.A.: and R.A..

(5)

## INTENTIONAL DISCRIMINATION
## OF A DISABLED PERSON

Intentional Discrimination of a Disabled Person, is an act resulting from the actor's will directed to that end. In the Case at Bar, Defendants are intentional discrimination comes in the form of refusing him A/C accommodations after telling this Court it would "BY @)@!". They refuse A/C housing and States he needs it for his Medical Condition. Therefore this becomes intentionaly, because "there is A/C housing at the Jester III. Unit, just not for the Plaintiff.

This being the Case, Plaintiff is entitled to Monetary damages. SEE: UNITED STATES v. GEORGIA, 546 U.S. 151 at 157, 126 S. Ct. 877; COOPER v. DYKE, 814 F.2d 941m 948 (4th Cir. 1987); and HILL v. MARSHALL, 962 F.2d 1209 (6th Cir. 19520.

(V)

## EIGHTH AMENDMENT VIOLATION

The Plaintiff has already shown that Defendants are deliberately indifferent to his Medical Condition/Disabilities. SEE: (Section IV of pages _9 – 11_ of this document).

The Eighth Amendment of THE UNITED STATES CONSTITUTION, imposes a duty on

Prison officials to provide "Humane Conditions of Confinement by ensuring that inmate recieve adequate food,clothing,shelter, and medical care and that reasonable measures are taken for inmate safety. SEE: McCULLUM v. LIVINGSTON, 2017 U.S. DIST. LEXIS 19602 at lexis 23; and FARMER v. BRENNAN, 511 U.S. 825, 832, 114 S. Ct.1970 (1994).

In the Case at Bar Defendants are failing to provide adequate shelter & Medical Care in the form of refusing to house him in Air-Condition housing as for his Medical Condition/Disabilities.

## VI
## LACK OF AIR-CONDITION
## BED TO ACCOMMODATE

The Defendants disclosed that they did not have an A/C bed to accommodate the Plaintiff's Medical needs on his Step 1 Grievance #2021099743.

First, the Defendants do not have a lack of Air-Conditioned beds on the Jester III. Unit. At the time of writing this document there was empty beds in the Air-Conditioned housing areas on the Jester III. Unit. SEE: (Exhibit; K, Affidavits).

The Defendants State, they don't have a bed available. This Statement is untrue and unfounded. The two Air-Condition dorms on the Main Bldg. have 31 bunks on each of them. At any given time there has been one or more empty bunks on those dorms and at the time of this document 16 dorm had only 23 of its 31 bunks being used. Thus having 8 open bunks. SEE: (Exhibit; L, 16 dorm Tracking Documents.

Second, There is no Valid reason not to accommodate the Plaintiffs Medical/ Disability needs. To refuse this accommodation of Air-Conditioned housing will have almost the same effect of refusing him his seizure medication or blood thinners.

Last, the Defendants told this Court all Heat Sensitive inmates would be in Air-Condition housing "BY 2021".

## VII
## CONCLUSION

The Defendants have knowingly and intentionaly refuse Plaintiff a disabled Person reasonable accommodations and thus endangered his life and inflicted Pain on him that other inmates that don't have his disabilities would have. Such as Seizures; T.I.A.'s; and Dizziness.

## VIII
## DECLARATION

I Kenneth Taylor, TDCJ No.828757, being Presently incarcerated at the Jester III. Unit, Declare under the Penalty of Perjury that the foregoing Memorandum of LAW is True and Correct to the best of my knowledge.

Executed on this 10th Day of June 2021. DOB: 02/03/1967 Respectfully Submitted,

x.

Kenneth Taylor No.828757
Jester III. Unit
3 Jester Rd.
Richmond, Texas  77406

IN THE UNITED STTES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION


KENNETH TAYLOR                          §

    PLAINTIFF                          §

v.                                      § Civil Action No._____ ____ _____

                                    § (Clerk will assign Number)

BRYAN COLLIER,                          §

    DEFENDANT                          §


●○●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●

## ᴾLAINTIFFS COVER SHEET
## OF EXHIBITS "A-L"

**********************************************************************

(A) PLAINTIFFS GRIEVANCES

(B) PLAINTIFFS MEDICAL RECORDS FROM PACK UNIT MEDICAL PROVIDER.

(C) PLAINTIFFS MEDICAL RECORDS FROM  UTMB HOSPITAL GALVESTON.

(D) PLAINTIFF"S HEALTH SUMMARY FROM CLASSIFICATION.

(E) PLAINTIFF"S MEDICAL PROBLEMS DESCRIPTION SHEET.

(F) PLAINTIFF"S MEDICAL RECORDS FROM UTMB NEUROLOGY DEPARTMENT.

(G) PLAINTIFF"S 3 PAGE ARTICLE FROM HARVARD HEALTH PUBLISHING ON EFFECTS

    OF THE HEAT.

(H) PLAINTIFF"S 2 PAGE ARTICLE FROM NATIONAL INSTITUTE OF ENVIROMENTAL HEALTH

    SCIENCES, OR CARDIVASCULAR DISEASE AND STROKE RELATING TO THE HEAT.

(J) PLAINTIFF"S LETTER FROM TDCJ STATE CLASSIFICATION.

(K) PLAINTIFF"S AFFIDAVIT

(L) PLAINTIFF"S 16 DORM TRACKING DOCUMENTS.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH TAYLOR | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | Civil Action No._____ |
| | § | (Clerk will assign Number) |
| BRYAN COLLIER, ET AL., | § | |
| DEFENDANT | § | |

**************************************************************************

EXHIBIT "A" PLAINTIFFS GRIEVANCES

**************************************************************************

# Texas Department of Criminal Justice

## STEP 1

## OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2021099743

Date Received: 4-22-21

Date Due: 6-1-21

Grievance Code: 2001 598

Investigator ID #: 4493 J2682

Extension Date: _____

Date Retd to Offender: MAY 26 2021

Offender Name: Kenneth Taylor          TDCJ # 828757

Unit: Jester III          Housing Assignment: 1-11

Unit where incident occurred: Jester III

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Please see Below          When? Please see Below

What was their response? None

What action was taken? None

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I have wrote letters to the following people addressing this issue: Kenneth M. Putnum Jr., Warden Jester III; Maricia Jackson, Director TDCJ region III; Bryan Collier, Executive Director TDCJ; Kim Massey Director TDCJ State Classification; John Whitmire, Texas Senator; James White, Texas Representative; and Govenor Greg Abbot. The last of these letters were sent "Legal" U.S. Mail on April 10, 2021.

I'm a heat sensitive inmate, with a heat score; heat restricted and have underlining health conditions. These Medical Condition classify me as a disabled Person under "ADA". This disability requires Air-Condition housing for which I do not have and TDCJ refuses to house me in at Jester III unit. This issue has been on going and resulted in legal action in CAVITT - VS - DAVIS et al, Civil Action No. 4:19-CV-02881. In this case TDCJ's attorney of record told the UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION : "that "all" heat sensitive inmates would be in air-condition housing by 2021." They also told this same court "these measures are appropiate within the Correctional context and effective to reasonably accommodate the named Plaintiffs." Furthermore they also told this court "a more appropiate tailored remedy would be to accommodate the plaintiffs, rather than the entire Jester III unit." <see defendants Motion to dismiss and Summary Judgement, dated Feb. 10, 2020> "I am ONE OF THOSE PLAINTIFF" and have not been accommodated! Now, its the start of the 2021 Heat Season in TDCJ and I'm still not in Air-Condition housing as TDCJ's attorney told the court I would be; as a heat sensitive inmate and a plaintiff in that legal action.

I-127 Front (Revised 11-2010)     YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM          (OVER)

Appendix F

*This deception has prompted this action and is close to a very soon filing of additional legal action. Please take Note: I was assigned to the Pack Unit in Navasota, from August 2014- 2017, but move at the request of UTMB Galveston to be as close to Hospital Galveston due to my High risk of Stroke.*

*This being the case TDCJ Has defrauded the courts and have placed me in additional danger of my Health & safety*

*c.c. File*

*c.c. File All listed above*

*c.c. U.S. District court, Regional Grievance & Main Grievance Huntsville*

**Action Requested to resolve your Complaint.**
*To be Moved into Air-condition housing at Jester III or Carol Young the two closest A/C equiped units to Hospital Galveston*

**Offender Signature:** _____ **Date:** *April 18 2021*

**Grievance Response:**

Your grievance was investigated and disclosed you are housed appropriately per SCC. There is not an A/C bed to accommodate the inmate's medical needs at this time. Heat Score Review 03/05/21. No further action warranted.

**Signature Authority:** _____ *BRUCE FREDERICK. Asst Ward.* 5/25/

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**     *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant. Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

Appendix F

<table>
<tr><td colspan="2"><strong>OFFICE USE ONLY</strong></td></tr>
<tr><td>Initial Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>2nd Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>3rd Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
</table>

*Hand written COPY*

Offender Name: **Kenneth Taylor**     TDCJ # **828757**

Unit: **Jester III**     Housing Assignment: **I-II**

Unit where incident occurred: **Jester III**

| OFFICE USE ONLY |
| --- |
| Grievance #: _____ |
| UGI Recd Date: _____ |
| HQ Recd Date: _____ |
| Date Due: _____ |
| Grievance Code: _____ |
| Investigator ID#: _____ |
| Extension Date: _____ |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

The response on Step 1 Grievance # 2021099743 dated 5/25/21 was in violation of Federal Law, my Medical/disability needs, and the Statements you made to the United States District Court. Under A.D.A. I'm classified as an disabled Person with special medical needs, in the form of "BIB-CONDITION HOUSING." In your response on step 1 at the unit level, They stated: "There is not an A/c bed to accommodate the inmate's medical needs at this time." Not only is this in derect conflict with your sworn pleadings to the Court. It's also INTENTIONAL DISCRIMINATION OF A DISABLED PERSON, under Title II OF THE AMERICANS WITH DISABILITIES ACT; LIGHDOURN V. COUNTY OF EL PASO TEX. 118 F3d 421, 428 <5th Civ. 1997>; and UNITED STATES V. GEORGIA 546 U.S. 151 at 157, 126 S.Ct. 877 at 881-882.

Therefore your intentional denial to accommodate my medical and disability needs, not only opens the door for more legal action, but damages for Knowingly and intentially dayso and giving a written statement of such on the step 1 Grievance.

I fully intend to file suit in court if this issue can not be resolved within the next 40 days. This is the time you have to make a response to this step 2 Grievance.

Please take Note: Just like the step 1 I'm sending copies of this to the same people listed on step 1 with letters addressing

I-128 Front (Revised 11-2010)     YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM     (OVER)

Appendix G

the legal Issues to each person an the role they May play in any up-coming legal action.

c.c. File

c.c. all listed in Step 1

c.c. U.S. District Court to be filed as Evidence in up-coming legal action

**Offender Signature:** _[signature]_      **Date:** June 1, 2021

**Grievance Response:**

At the time of writing this copy and filing this Suit the defendants have had more then enough time to make a response and corrections to Plaintiffs medical and Disability needs, but refuse to do so   dated 6/28/21

_[signature]_

Required Exhaustion for Court filing have been made in Grievance # 2019168107 and 2019171588 Step 1 ½ 2

**Signature Authority:** _____ **Date:** _____

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission**     **CGO Initials:** _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender:_____

**2nd Submission**     **CGO Initials:** _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**3rd Submission**     **CGO Initials:** _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

I-128 Back (Revised 11-2010)      Appendix G



# Active

**Texas Department of Criminal Justice**

## STEP 1    GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2019177588

Date Received: 8-28-19

Date Due: 10-07-19

Grievance Code: 566 814

Investigator ID #: 12705

Extension Date: 11-16-19

Date Retd to Offender: JAN 1 3 2020

Offender Name: Kenneth Taylor    TDCJ # 828757

Unit: Jester III    Housing Assignment: 9-12

Unit where incident occurred: Jester III

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Warden Tiller by letter    When? August 15, 2019

What was their response? None

What action was taken? None

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On August 14,15, they mounted a additional fan in the restroom area that blowes air down the hall way about 10'ft off the ground. The next day they put an fan above the T.V. in the front Day-Room and removed the old Standup Fan.

This has done Nothing to improve the existing heat condition in 9-dorm or any other place on the unit. In fact it has not helped resolve my own personal heat issues.

I have problems at the hottest part of the day and most often, I try to be in the respite area. There is "no way" to get a cool-down shower at this time of the day or anyother time of the day. In most case you can't even get a shower, because of the following: (a) You can't take your shower stuff to respite (b) They are not calling showers on any kind of regular time frame.

JAN 1 3 2020

---

_____

_____

_____

JAN 1 3 2020

_____

_____

**Action Requested to resolve your Complaint:**
To be moved to an A/c Dorm, be moved to an A/c unit or have A/c installed in my living area and all the rest of the living area

**Offender Signature:** _____ **Date:** August 20, 2019

**Grievance Response:**

Your grievance was investigated by this office and disclosed the standing fans were replaced to bolted fans to provide better space in the housing area. Policy requires that housing assignments be in compliance with any documented medical restrictions and the agency's current classification plan. At this time it has been determined that your housing is appropriate. Respite areas are available 24 hours a day 7 days a week. No further action warranted

**Signature Authority:** _____ **Date:** 1-7-2020

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**    *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance # _____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely affect the offender's health.

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | UGI Initials:_____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |
| **2nd Submission** | UGI Initials:_____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |
| **3rd Submission** | UGI Initials:_____ |
| Grievance #: | _____ |
| Screening Criteria Used: | _____ |
| Date Recd from Offender: | _____ |
| Date Returned to Offender: | _____ |

Appendix F

# Texas Department of Criminal Justice

## STEP 2

OFFENDER
GRIEVANCE FORM

Offender Name: Kenneth Taylor          TDCJ # 828757

Unit: Jester III          Housing Assignment: 2-17

Unit where incident occurred: Jester III

**OFFICE USE ONLY**

Grievance #: 2019177588

UGI Recd Date: 3/9/20

HQ Recd Date: MAR 12 2020

Date Due: 04-18

Grievance Code: 506 / 598
12589

Investigator ID#:

Extension Date: 05-28-20

You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be
accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.

Give reason for appeal (Be Specific).     I am dissatisfied with the response at Step 1 because...

The response on step 1 was made outside the facts of the issues
grieved. The response fails to address the following: (a) Nothing being
done to improve the exstreme Heat Conditions in the living areas (that is
what a dorm is, a living area); (b) Resolve my personal heat issues; (c)
"No Way" to get cool-down showers...

Furthermore, The respite areas on Jester III have Never been open
24 hours a day. They may be open 7-days a week, but Never
24 hours a day.

All of last summer from the time I got to Jester III in June 2019
There were Never any Cool-down Showers called and there can
be no-log that would Show such.

As for my personal Heat related Issues. My Medical records will
Show that I have a history of Seizure, due to the effect of Stroke
and Lack of blood flow to the brain. The medical records will
also Show that I have a Number of "Main" arteries supplying blood to
and circulating blood in the brain to be damaged and Plugged, in fact I
have had advdecive Steat placement in the brain to help with this. ("I will
Supply Medical records upon request")

    To Add insut to inhury So to speak This investigation followed non of
the required Guidlines. This grievance was submitted by MYself on August 29,
2019, I did not recieve it back until 1-24-2020 after returning for
an 8 day Stay dealing with any Brain Issues. The fact remains

· Appendix G

ACCEPT AS ORIGINAL

I Never got a copy requesting extension and even if I had the due date was still 11/16/19 more then 2 month Past Due. This is a clear case of denial of Access to courts. The grievance system is required to file legal action of any kind. To block, stall or hinder is to upstruct Justice.  C.C. File

Offender Signature: _____ Date: 1/24/20

Grievance Response:

An investigation has been conducted into your complaint. Numerous measures are taken to mitigate the effect of heat in all housing areas. Statements obtained state that standing fans were replaced with bolted fans to provide more usable space inside the dorms. If you require access to medical care, respite areas, or other heat-mitigation measures, you should contact staff immediately. No further action warranted.

H. M. Pederson

MAY 27 2020

Signature Authority: _____ Date: _____

Returned because:   *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: _____

OFFICE USE ONLY

Initial Submission          CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___Screened ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____
2nd Submission          CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___Screened ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____
3rd Submission          CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___Screened ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____



# Texas Department of Criminal Justice

## STEP 1

**OFFENDER GRIEVANCE FORM**

**OFFICE USE ONLY**

Grievance #: 2019168107

Date Received: AUG 0 9 2019

Date Due: 09-18-2019

Grievance Code: 306

Investigator ID #: I148

Extension Date: 10-28-2019

Date Retd to Offender: 11·15·19

Offender Name: Kenneth Taylor    TDCJ # 828757

Unit: Jester III    Housing Assignment: 9-R 2-17

Unit where incident occurred: Jester III

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Warden Tilley "By Mail"    When? July 13, 2019

What was their response? None

What action was taken? We still don't have the Fan in Question working.

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

The reason for this grievance is to cover a number of Issues that have taken Place Since my arrival here at Jester III. 1) The Roof Fan above the rest room is still broke! I wrote a letter requesting to have that fan repaired on July 13, 2019 It's Summer time and this is one of the main Fans used to give relief from the heat. As I stated in the letter "I" have heat restrictions.

I had been going to the chapel for "respite" but its become a very hostile invirement and a clear constitutional violation. They have Posted a "No Talking" Rule. This has been deemed unconstitutional by the Supreme Court of the United States.

All I ask is fix the Fan at this time, although with my restrictions I do Quilfy for the A/c Dorm. I was also on Pack unit From 2014 - 2017 I have a major Illness that cause "Stroke" when over heated.

These Fact were coleted In the ~~step~~ letter and failure to act is dilibret in diference.

I-127 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix F

**Action Requested to resolve your Complaint.** Fan to be Fixed or Move to A/c

**Offender Signature:** _(signature)_     **Date:** July 26, 2019

**Grievance Response:**

Your grievance has been investigated and there was no evidence to substantiate your allegations that respite is not being conducted in accordance to policy. Offenders are not allowed to talk in respite areas, they are expected to rest and cool down. Also, a workorder was created to fix the switch on the supply air fan. No further action warranted in this matter.

**Signature Authority:** _(signature)_     **Date:** 11-19-19

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the unit grievance investigator within 15 days from the date of Step 1 response. State the reason for appeal on the Step 2 form.

**Returned because:** *Resubmit this form when the corrections are made.

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance # _____
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**OFFICE USE ONLY**

| | |
|---|---|
| Initial Submission | UGI Initials: |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| **2nd Submission** | **UGI Initials:** |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| **3rd Submission** | **UGI Initials:** |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |

I-127 Back (Revised 11-2010)

Appendix F

**WAIVE TIME**



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

**OFFICE USE ONLY**

Grievance #: 2019168107

UGI Recd Date: FEB 1 0 2020

HQ Recd Date: FEB 1 0 2020

Date Due: MAR 2 1 2020

Grievance Code: 506

Investigator ID#: I0310

Extension Date:

Offender Name: Kenneth Taylor    TDCJ # 828757

Unit: Jester III    Housing Assignment: 2-17

Unit where incident occurred: Jester

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific). *I am dissatisfied with the response at Step 1 because...*

This step 2 is to address the unacceptable response on step 1
(1) I still have not had my Issues of AC - vs - Restrictions addressed
I'm a heat restricted inmate
(2) The No Talking in the respet area. This is a clear violation of the First Amendment of the Constitution of the United States. <Freedom of Speach>

I have a Number of health Issue, but the main two are seazures and lack of blood flow to the brain. These are greatly effected by the heat

I have a stent in my "Right" verbratal Artery" thats the Artery that runs up the Spine to the brain. Near the Brain Stem and Supplies blood to those Areas and the right side of the brain.

By U.T.M.B's own Polices any Damage or defect in that area is requirement for controled inviroment/AC. Therefore You are housing me in violation of my Restriction, Policy, and the United States Constitution 8th Amendment.

You are also Subjecting me to major health Problems do to the heat in the Summer Months.

I-128 Front (Revised 11-2010)     YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM     (OVER)

Appendix G

Offender Signature: _Kenneth Taylor_ Date: _11/20/19_

Grievance Response:

Your complaint has been reviewed by this office. Your Step 1 response was appropriate. No further action is warranted by this office.

Signature Authority: _Jessica Riley_ Date: _2/15/2020_

Returned because: *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: _____

**OFFICE USE ONLY**

Initial Submission          CGO Initials: _____

Date UGI Rec'd: _____

Date CGO Rec'd: _____

(check one) ___ Screened ___ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

2nd Submission          CGO Initials: _____

Date UGI Rec'd: _____

Date CGO Rec'd: _____

(check one) ___ Screened ___ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

3rd Submission          CGO Initials: _____

Date UGI Rec'd: _____

Date CGO Rec'd: _____

(check one) ___ Screened ___ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

I-128 Back (Revised 11-2010)                    Appendix G

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KENNETH TAYLOR                      §
    PLAINTIFF                       §
                                    §
v.                                  §    Civil Action No._____
                                    §    (Clerk will assign Number)
BRYAN COLLIER, ET AL.,              §
    DEFENDANT                       §

**************************************************************************

EXHIBIT "B" PLAINTIFFS MEDICAL RECORDS FROM
PACK UNIT MEDICAL PROVIDER

**************************************************************************

## PROVIDER TO PATIENT COMMUNICATION

Patient Name:   TAYLOR, KENNETH
TDCJ #:         828757
Date:           01/06/2017 09:29
Facility:       PACK (P1)
Housing:        C 09 BED 008

This is being sent to you at the request of your medical provider.   If you have questions about the information or do not understand it, you may drop a sick call request to get more information.   If you currently are being treated for any medical condition, we would like to encourage you to follow your treatment plan such as taking your medication regularly, keeping your scheduled appointments in the clinic and with specialists and coming to clinic for your scheduled treatments and check-ups.

PLEASE NOTE: PATIENT TO HOLD ALL HYPERTENSION MEDICATIONS. RECOMMENDED RANGE FOR SBP 140-160.

PLEASE NOTE: RECOMMEND PATIENT BE AT UNIT AS CLOSE TO UTMB AS POSSIBLE DUE TO PATIENT HIGH RISK FOR STROKE

*Above   recommendations in   your Epic note,   classification   will be notified.*
*Blood   pressure check   two   times a week, as mention above they recomen hold   the hypertension medication(s).   Should   you have   bleeding please   come to Imfarmary*

Electronically Signed by AVILA, FAUSTO M.D. on 01/06/2017.
##And No Others##



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KENNETH TAYLOR                    §
   PLAINTIFF                     §
                              §
v.                                §   Civil Action No._____
                              §
BRYAN COLLIER, ET AL.,            §
   DEFENDANT                     §

**********************************************************************

EXHIBIT "C" PLAINTIFFS MEDICAL RECORDS FROM
UTMB HOSPITAL GALVESTON

**********************************************************************

# Taylor, Kenneth

| Juarez, Heriberto, MD | Discharge Summary | Date of Service: 12/28/2016  1:54 PM |
| RESIDENT | Attested Addendum | Creation Time: 12/28/2016  1:54 PM |
| AN-ANESTHESIOLOGY | | |

Attestation signed by Cheema, Zulfiqar, MD at 1/9/2017 11:05 AM

I personally examined the patient on 11/4/2015 and agree with Dr. Juarez's resident note as written . I actively participated in the decision-making process.  Please see the resident's note for additional details.
Greater than 30 minutes were required by myself in coordinating discharge and follow up recommendations.

Date of Service: 12/28/2016

ADMIT DATE: 12/21/2016
DISCHARGE DATE: 12/28/2016
ATTENDING MD: DR. Cheema
PCP: TEXAS DEPT OF CORRECTION

**PRIMARY DIAGNOSIS/REASON FOR ADMISSION**
Carotid artery stenosis

**FINAL DIAGNOSIS:** (the reason, after study, for admitting the patient to the hospital):

Right internal carotid artery occlusion and left vertebral artery occlusion

**SECONDARY DIAGNOSIS:** (any diagnosis that, on this admission, required clinical evaluation, therapeutic treatment, diagnostic procedures, extended hospital stay, or additional nursing care/monitoring)
Patient Active Problem List

| Diagnosis | Date Noted |
| --- | --- |
| CVA (cerebral infarction) | 07/01/2014 |
| Esophageal reflux | 07/03/2013 |

**PRINCIPAL PROCEDURE:**
Procedure(s):
ARTERIOGRAM

**ADDITIONAL PROCEDURES:**
None

**SIGNIFICANT LAB/X-RAYS:**
none

**DISCHARGE MEDICATIONS:**



## Current Discharge Medication List

### CONTINUE these medications which have NOT CHANGED

|  | Details |
|---|---|
| ibuprofen (MOTRIN) 600 mg | Take 600 mg by mouth every 8 (eight) hours as needed for Pain (scale 4-6).<br>*Qty:* 30 tablet, *Refills:* 6 |
| artificial tears(hypromellose) (ISOPTO-TEARS) 1 Drop | Place 1 Drop in both eyes 4 (four) times daily.<br>*Qty:* 1 Bottle, *Refills:* 11 |
| aspirin 81 mg | Take 81 mg by mouth daily.<br>*Qty:* 30 Tab, *Refills:* 5<br>*Associated Diagnoses:* Stroke with cerebral ischemia; Right carotid artery occlusion |
| flunisolide (NASALIDE) 1 Spray | Use 1 Spray in each nostril every morning and evening.<br>*Qty:* 1 Bottle, *Refills:* 3 |
| loratadine (CLARITIN) 10 mg | Take 10 mg by mouth daily.<br>*Qty:* 30 Tab, *Refills:* 3 |
| acetaminophen-codeine (TYLENOL #2) 1 tablet | Take 1 tablet by mouth 3 (three) times daily as needed for Pain.<br>*Qty:* 50 Tab, *Refills:* 0 |
| albuterol (VENTOLIN) 2 Puffs | Inhale 2 Puffs every 6 (six) hours as needed for Wheezing or Shortness of Breath.<br>*Qty:* 2 Inhaler, *Refills:* 0 |
| clopidogrel (PLAVIX) 75 mg | Take 75 mg by mouth every evening.<br>*Qty:* 30 Tab, *Refills:* 5 |
| Docusate Sodium (DOK) 100 mg | Take 100 mg by mouth daily.<br>*Qty:* 30 Tab, *Refills:* 0 |
| nortriptyline (PAMELOR) 25 mg | Take 25 mg by mouth at bedtime.<br>*Qty:* 30 Cap, *Refills:* 2 |
| ranitidine (ZANTAC) 150 mg | Take 150 mg by mouth 2 (two) times daily.<br>*Qty:* 60 Tab, *Refills:* 0 |

### Discharge Orders

#### Cardiac (2 g Na, Low Fat/Chol) 1800 Calorie Diabetic Consistent Carbs Diet - Includes HS Snack; Texture: Regular

| Texture | Regular |
|---|---|
| Diabetic: | Unobtainable |
| Who is the ordering provider? | JUAREZ, HERIBERTO [0011944] |

#### Discharge Condition

| Who is the ordering provider? | JUAREZ, HERIBERTO [0011944] |
|---|---|



Discharge Condition:     GOOD

**_DISCHARGE ACTIVITY_**
Discharge Activity:     As Tolerated

**_Discharge Follow-up:_**

Order Comments:     If UTMB clinic, Nursing Staff to call clinic for follow-up
appointment
Follow up in 2-4 weeks at vascular clinic

Who is the ordering
provider?     JUAREZ, HERIBERTO
[0011944]

Follow up with unit MD in 2-3 days for blood pressure management
Note: SBP to be greater then 140

**_VTE Propylaxis- Was ordered during hospitalization_**

**_DISCHARGE INSTRUCTIONS_**

Order Comments:     PLEASE NOTE: PATIENT TO HOLD ALL HYPERTENSION
MEDICATIONS. RECOMMENDED RANGE FOR SBP 140-
160.

PLEASE NOTE: RECOMMEND PATIENT BE AT UNIT AS
CLOSE TO UTMB AS POSSIBLE DUE TO PATIENT HIGH
RISK FOR STROKE

Who is the ordering
provider?     JUAREZ, HERIBERTO
[0011944]

Patient was given discharge instructions.

Heriberto Juarez, MD   12/28/2016
General Surgery, PGY-2

Cosigned by: Cheema, Zulfiqar, MD at 1/9/2017 11:05 AM

Admission
(Discharged) on
12/21/2016

KENNETH TAYLOR                    §
    PLAINTIFF                    §
                                §
v.                                §   Civil Action No._____
                                §   (Clerk will assign Number)
Bryan Collier, ET AL.,            §
    DEFENDANTS                   §

*************************************************************************

EXHIBIT "D" PLAINTIFFS HEALTH SUMMARY
FROM CLASSIFICATION

*************************************************************************



NAME: TAYLOR,KENNETH                    DOB:                    P U L H E S
TDCJ#: 00828757  SID#: 05945646         WGT: 201 LBS            ------------
UNIT: J3         HOUSING: DORM 02-017    HGT: 5'08"             |3|3|3|1|2|1|
JOB: UNASGN MEDICAL                                            |M|C|C|A|B|A|
                                                              |E|E|E| |P| |
                                                              ------------

---

I.  FACILITY ASSIGNMENT (CHECK ONE)
X   A. NO RESTRICTION
___ B. SINGLE LEVEL FACILITY                    HEAT SENSITIVE: Y
    C. SUITABLE FOR TRUSTEE CAMP?  X YES __NO   HEAT SCORE:      P01


II. HOUSING ASSIGNMENT
A. BASIC HOUSING (CHECK ONE)                 B. BUNK ASSIGNMENT (CHECK ONE)
X   1. NO RESTRICTION                        ___ 1. NO RESTRICTION
___ 2. SINGLE CELL ONLY                      000 2. LOWER ONLY
___ 3. SPECIAL HOUSING (HOUSING WITH
       LIKE MEDICAL CONDITION                ___ 5. M EXT HRS
___ 4. CELL BLOCK ONLY                       ___ 6. EXTENDED HOURS INSULIN
C. ROW ASSIGNMENT (CHECK ONE)                D. WHEELCHAIR USE (CHECK ONE)
___ 1. NO RESTRICTION                        ___ 1. NO RESTRICTION   ___ 4. PERM MED
000 2. GROUND FLOOR ONLY                     ___ 2. ADS ORDERED      ___ 5. TEMP MED
                                             ___ 3. UTILITY USE


III.WORK ASSIGNMENT/RESTRICTIONS (CHECK ALL THAT APPLY)
060 1. MEDICALLY UNASSIGNED           ___ 15.NO FOOD SERVICE
___ 2. PSYCHIATRICALLY UNASGN         ___ 16.NO REPETITIVE USE OF HANDS
___ 3. SEDENTARY WORK ONLY            ___ 17.NO WALK WET/UNEVEN SURFACES
___ 4. FOUR HR WORK RESTRICTION       ___ 18.DO NOT ASSIGN TO MEDICAL
___ 5. EXCUSE FROM SCHOOL             000 19.NO WORK IN DIRECT SUNLIGHT
___ 7. LIMITED STANDING               000 20.NO TEMPERATURE EXTREMES
000 8. NO WALKING > 050 YARDS         000 21.NO HUMIDITY EXTREMES
___ 9. NO LIFTING > ___ LBS.          ___ 22.NO EXPOSURE TO ENVIRONMENT POLLUTANTS
___ 10.NO BENDING AT WAIST            ___ 23.NO WORK WITH CHEMICALS OR IRRITANTS
___ 11.NO REPETITIVE SQUATTING        ___ 24.NO WORK REQUIRING SAFETY BOOTS
___ 12.NO CLIMBING                    000 25.NO WORK AROUND MACHINE WITH MOVING PART
___ 13.LIMITED SITTING                ___ 26.NO WORK EXPOSURE TO LOUD NOISES
___ 14.NO REACHING OVER SHOULDER


IV. DISCIPLINARY PROCESS (CHECK ONE)
X   A. NO RESTRICTIONS
___ B. CONSULT REP OF MENTAL HEALTH DEPT BEFORE TAKING DISCIPLINARY ACTION
___ C. CONSULT REP OF MEDICAL DEPARTMENT BEFORE TAKING DISCIPLINARY ACTION

V.  INDIVIDUALIZED TREATMENT PLAN (CHECK ALL THAT APPLY)
X   A. NO RESTRICTION          ___ C. MENTAL HEALTH REPRESENTATIVE REQUIRED
___ B. MEDICAL REPRESENTATIVE REQUIRED

VI. TRANSPORTATION RESTRICTIONS (CHECK ONE)          A.TORRES,AAII/JESTERCOMPLEX
X   A. NO RESTRICTION  ___ C. WHEELCHAIR VAN  ___ E. VAN
___ B. EMS AMBULANCE   ___ D. MULTI-PATIENT VEHICLE(MPV)  Sign: _Alma Torres_
                                                          Date: _8/27/19_
UTMBFTP          UTMBFTP          08/26/2019              Job and House In Compliance
PRINTED NAME AND TITLE OF REVIEWER    DATE     SIGNATURE OF REVIEWER



| Order Provider | Section | Element | Restriction | Start Date | # Days | Exp. Date |
|---|---|---|---|---|---|---|
| UNKNOWN, UNKNOWN | II | Bunk Assignment | Lower Only | 07/31/2014 | | |
| UNKNOWN, UNKNOWN | II | Row Assignment | Ground Floor Only | 07/31/2014 | | |
| OWUSU, KWABENA | III | | 19a. Medical - No Work in Direct Sunlight | 07/10/2018 | | |
| MBUGUA, DAVID W | III | | 20a. Medical - No Temperature Extremes | 06/25/2018 | | |
| OWUSU, KWABENA | III | | 21a. Medical - No Humidity Extremes | 07/10/2018 | | |
| OWUSU, KWABENA | III | | 21b. Psych - No Humidity Extremes | 07/10/2018 | | |
| OWUSU, KWABENA | III | | 25. No Work Around Machine with Moving Part | 07/10/2018 | | |
| MBUGUA, DAVID W | | | RESEND | 10/12/2018 | | |
| NWAFOR, ADAOBI | | | RESEND | 10/12/2018 | | |
| NWAFOR, ADAOBI | | | RESEND | 10/05/2018 | | |
| NWAFOR, ADAOBI | | | RESEND | 10/12/2018 | | |
| NWAFOR, ADAOBI | | | RESEND | 06/03/2019 | | |
| BECK, MARTHA L | | | RESEND | 11/05/2019 | | |
| MONTGOMERY, LAURIE J | | | Reviewed: No Changes Needed | 09/11/2017 | | |
| MBUGUA, DAVID W | | | Reviewed: No Changes Needed | 12/08/2017 | | |

### PULHES Management

| | DESIG | CODE | MODIFIER |
|---|---|---|---|
| P | 3 | M | P |
| U | 3 | C | P |
| L | 3 | C | P |
| H | 1 | A | - |
| E | 2 | B | P |
| S | 1 | A | - |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KENNETH TAYLOR                    §
    PLAINTIFF                 §
                              §
v.                                §    Civil Action No._____
                              §    (Clerk will assign Number)
                              §
BRYAN COLLIER, ET AL.,            §
    DEFENDANT                 §

*********************************************************************

EXHIBIT "E" PLAINTIFFS MEDICAL PROBLEMS
DESCRIPTION SHEET

*********************************************************************



| Problem Description | Category / Subcategory | Status | Group | ICD | First Observed | Problem ID | Prov Name |
|---|---|---|---|---|---|---|---|
| MILD INTERMITTENT ASTHMA | CHRONIC CARE \ Pulmonary | ACTIVE | PRIMARY | J45.2 | 02/04/2014 12:02 | 211407515 | NGUYEN, CO |
| HEMIPLEGIA, UNSPECIFIED | REHAB SERVICES \ REHAB SERVI... | ACTIVE | PRIMARY | G81.9 | 01/31/2017 11:22 | 239285142 | RAVICHANDRAN, GIRI... |
| HYPOTHYROIDISM | \ | ACTIVE | PRIMARY | E03 | 03/26/2018 12:57 | 262355769 | NWAFOR, ADAOBI |
| HISTORY TIA, AND CEREBRAL INFARCTION W/O RESIDUAL D... | \ | ACTIVE | PRIMARY | Z86.73 | 07/22/2014 08:41 | 211687750 | KENDALL, DEBORAH G |
| CHRONIC ISCHEMIC HEART DISEASE, UNSPECIFIED (CAD) | \ | ACTIVE | PRIMARY | I25.9 | 07/23/2019 14:06 | 292661035 | ONUOGU, JOY O |
| ESSENTIAL (PRIMARY) HYPERTENSION (HTN) | \ | ACTIVE | PRIMARY | I10 | 11/08/2017 13:51 | 255778068 | OWUSU, KWABENA |
| OTHER AND UNSPECIFIED ABNORMAL FINDINGS IN URINE | \ | ACTIVE | PRIMARY | R82 | 08/21/2019 09:37 | 294778315 | BECK, MARTHA L |
| EPILEPSY AND RECURRENT SEIZURES | \ | ACTIVE | PRIMARY | G40 | 08/26/2019 07:55 | 295095021 | BECK, MARTHA L |
| GASTRO-ESOPHAGEAL REFLUX DISEASE | \ | ACTIVE | PRIMARY | K21 | 11/12/2015 13:19 | 214101789 | CHUKWUMERIJE, NDI |
| OTHER MONONEUROPATHIES | \ | ACTIVE | PRIMARY | G58 | 09/12/2018 14:28 | 271661195 | OWUSU, KWABENA |
| ENLARGED PROSTATE (BPH; BENIGN PROSTATIC HYPERTR... | \ | ACTIVE | PRIMARY | N40 | 04/03/2018 12:46 | 262738828 | CHASTAIN, CATHERIN... |
| DIZZINESS AND GIDDINESS | \ | ACTIVE | PRIMARY | R42 | 11/19/2019 16:38 | 301242492 | ONUOGU, JOY O |
| CONVERSION DISORDER WITH SEIZURES OR CONVULSIONS | \ | ACTIVE | PRIMARY | F44.5 | 07/23/2019 14:06 | 292661157 | ONUOGU, JOY O |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KENNETH TAYLOR                     §
   PLAINTIFF                   §
                                   §
v.                                 §   Civil Action No,_____
                                   §   (Clerk will assign number)
BRYAN COLLIER, ET AL.,             §
   DEFENDANT                   §


************************************************************************
EXHIBIT "F" PLAINTIFFS MEDICAL RECORDS
FROM UTMB NEUROLOGY DEPARTMENT
************************************************************************



## CORRECTIONAL MANAGED HEALTH CARE
### MD/MLP CHART REVIEW

Patient Name: TAYLOR, KENNETH
TDCJ#:828757

Date: 10/12/2018 12:39
Facility: TERRELL (R3)

for 90 Days KOP   As Needed (PRN)

ORDERING FACILITY: TERRELL (R3)

**SPIRIVA 18MCG HANDIHALER 30s**
1 CAPS INHALATION DAILY for 30
Days

EXPIRATION DATE: 3/02/2019 08:52:00AM
REFILLS: 7 / 11

COMPLIANCE: 3.18 %
ORDERING PROVIDER: OWUSU, KWABENA

ORDERING FACILITY: TERRELL (R3)

**TERAZOSIN 5MG CAPSULE**
1 CAPS ORAL AT BEDTIME for 30 Days
KOP

EXPIRATION DATE: 6/20/2019 11:03:00AM
REFILLS: 3 / 11

LAST DATE GIVEN KOP: 09/27/2018 04:54:37PM
ORDERING PROVIDER: MBUGUA, DAVID W

ORDERING FACILITY: TERRELL (R3)

Pt was seen in NEURO TLH, Please see the attached note.

ASSESSMENT AND PLAN
1. Limb shaking TIA
2. R vertebral artery stenosis s/p stent placement
3. Worsening B/L LE tingling and numbness - not able to be ambuklatory
4. Had a breakthrough seizure

-- Walking restrictions PATIENT NEEDS TO BE AS CLOSE TO PILL WINDOW AS POSSIBLE
-- NEURONTIN 300 mg TID. CMC PHARMACY TO APPROVE IT AS PATIENT CANNOT TAKE ANY OTHER MEDICATIONS
-- Move closer to infirmary to increase compliance
-- TELEMED in 6 months
-- ASA 81 mg + PLAVIX 75 mg to be continued

RETURN TO CLINIC
TELEMED in 6 MONTHS

Restrictions / PULHES Data:
10/12/2018 12:41 - MBUGUA, DAVID W  FNP Restrictions / PULHES sent to TDCJ.

Electronically Signed by MBUGUA, DAVID W. FNP on 10/12/2018.
##And No Others##





# Taylor, Kenneth

MRN: 444899Q

**Office Visit** 4/30/2020
TDCJ CLINIC NEUROLOGY

Provider: Neurology, Tdc Telemed (PN-NEUROLOGY )
Cosigner: Fang, Xiang, MD (PN-NEUROLOGY )
Primary diagnosis: Dizziness
Reason for Visit: Dizziness

## Progress Notes

Fang, Xiang, MD (STAFF) • PN-NEUROLOGY

I reviewed the patient's chart, and the clinical note by the resident. I agree with the plans as outlined in the resident note. I am available for assistance in diagnosis and treatment plans during the course of this encounter.

*Xiang Fang, MD., PhD.*
*Associate Professor, Neurology*

## Progress Notes

Singh, Ayush, MBBS (RESIDENT) • PN-NEUROLOGY

Neurology Tele Clinic Note

DATE OF SERVICE: 4/30/2020 13:01

Visit type: Follow up

CHIEF COMPLAINT: TIA

INTERVAL HISTORY:
Pt reports having dizzy spells, in which he feels as if he is drunk. Has had 8-9 dizzy spells which last around 1-2 minutes. Reports he has had these kind of spells before and was taking Meclizine for this. Reports being aware

HPI
Kenneth Taylor is a 52 year old male with PMH HTN, HLD, stroke of right parietal lobe and left thalamus with residual left hemiparesis and localization related simple partial seizures, left vertebral artery stenosis, cerebral stent placed right vertebral artery 8/2018, presenting today for recent TIAs and follow up on his seizure disorder. He reports two recent TIAs with sxs of his old stroke (left limb shaking). He also has had two episodes of blackout vision loss lasting 30 min, receding to blurry vision for two days. Last seizure in June, no loss of consciousness, associated with shaking of left leg and arm. These last seconds to minutes and are associated with subsequent fatigue. No aura.

Past Medical History:

| Diagnosis | Date |
|---|---|
| • Carotid artery stenosis | |
| • Esophageal reflux | |
| • Hoarseness | |
| • Hypertension | |
| • Other and unspecified hyperlipidemia | |
| • S/P angioplasty with stent | 2/14/2019 |
| • Stroke | |

- Vertebral artery stenosis, right

**Past Surgical History:**

| Procedure | Laterality | Date |
|---|---|---|
| · ANGIOPLASTY | N/A | 8/27/2018 |
| *Surgeon: Anesthesiology; Location: Jennie Sealy OR Location* | | |
| · ARTERIOGRAM | Right | 7/17/2014 |
| *Surgeon: Silva, Michael B Jr., MD; Location: JOHN SEALY OR LOCATION* | | |
| · ARTERIOGRAM | Bilateral | 6/29/2015 |
| *Surgeon: Fankhauser, Grant T, MD; Location: JOHN SEALY OR LOCATION* | | |
| · ARTERIOGRAM | Right | 12/28/2016 |
| *Surgeon: Cheema, Zulfiqar; Location: Jennie Sealy OR Location* | | |
| · CAROTID ANGIOGRAPHY | Bilateral | 7/17/2014 |
| *Surgeon: Silva, Michael B Jr., MD; Location: JOHN SEALY OR LOCATION* | | |
| · PROSTATIC URETHRAL LIFT (SHX) | N/A | 5/31/2019 |
| *Surgeon: Sreshta, Joseph Nicholas, MD; Location: Jennie Sealy OR Location* | | |
| · STENT PLACEMENT (SHX) | N/A | 8/27/2018 |
| *Surgeon: Anesthesiology; Location: Jennie Sealy OR Location* | | |
| · TONSILLECTOMY | | |
| · VERTEBRAL ARTERY STENT PLACEMENT | Right | |

No current outpatient medications on file.

No current facility-administered medications for this visit.

**Allergies**

| Allergen | Reactions |
|---|---|
| · Erythromycin | Photosensitivity and Rash |
| · Macrolide Antibiotics | Other - See comments |
| · Pcn [Penicillins] | Rash |

**Family History**

| Problem | Relation | Age of Onset |
|---|---|---|
| · Stroke | Mother | |
| · Heart | Father | |

**Social Hx:**
Former smoker, 22. Pack year hx, otherwise noncontributory.

**Review of Systems**
General: (-) fever, (-) chills, (-) weight change, (-) dizziness, (-) fatigue, (-) change in appetite
Skin: (-) rash, (-) lesion
HEENT: (+) headache, (-) change in hearing, (+) change in vision, (-) nasal discharge, (-) sore throat
Neck: (-) pain, (-) difficulty swallowing, (-) mass
Heme: (-) bleeding disorder
Resp: (-) cough, (-) shortness of breath, (-) dyspnea on exertion
Cardio: (-) chest pain, (-) palpitations, (-) syncope
GI: (-) abdominal pain, (-) nausea, (-) vomiting, (-) diarrhea, (-) constipation, (-) melena, (-) hematochezia, (-) hematemesis
GU: (-) dysuria, (-) hematuria, (-) increased frequency, (-) difficulty urinating, (-) difficulty initiating
Endo: (-) heat intolerance, (-) diabetes, (-) cold intolerance, (-) polyuria, (-) polydipsia, (-) renal insufficiency, (-) thyroid disease

Neuro: (+) numbness, (+) tingling, (+) weakness
Back: (-) pain, (-)spasms
MSS: (-) muscle pain, (-) joint pain, (-) claudication
Psych: (-) anxiety, (-) depression, (-) psychiatric disorder

**PHYSICAL EXAM**
**TELE VISIT**

LAB DATA
All albs reviewed, no new labs.

RADIOLOGY/IMAGING
All radiology reviewed, no new imaging.

ASSESSMENT/ PLAN
Kenneth Taylor is a 53 year old male with past ischemic stroke on DAPT. Now complains of
dizzy spells. Vertiginous feeling. Not had EEG yet. On keppra at his unit,(Per patient).

*History of Cerebral infarction due to thrombosis of right carotid artery*

Plan:
C/w aspirin 81 mg daily
C/w lipitor 20 mg daily
Electroencephalogram (EEG) - Duration of test
20-60 mins,C/w levETIRAcetam (KEPPRA) 750 mg tablet
**Meclizine ordered**

Would recommend transfer to Hospital Galveston for in person clinic visit for better
evaluation of symtpoms

Faculty: Dr. Fang

Ayush Singh, M.D.
PGY-3 Resident
Dept of Neurology
Pager no : 409-643-1396

## Additional Documentation

| | |
|---|---|
| *Flowsheets:* | *Facility Charge* |
| Encounter Info: | Billing Info, History, Allergies, Detailed Report |

## Orders Placed

None

## Medication Changes

As of 4/30/2020 1:10 PM

| | Refills | Start Date | End Date |
|---|---|---|---|
| Added: meclizine 12.5 mg tablet | 1 | 4/30/2020 | 5/30/2020 |

Take 1 tablet by mouth 3 (three) times daily as needed for Dizziness for up to 30 days. - Oral

## Visit Diagnoses

Dizziness R42

## Account Info

Account #

TAYLOR,KENNETH [1026913211]
 Financial Class: Correctional Care [112]
 Enc/CSN #: 75159826

## To Close This Visit

Recommended Items

The following information is missing for this encounter:
Pain Score

The AVS was not provided within one business day of the encounter.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KENNETH TAYLOR                    §
    PLAINTIFF                     §
                                  §   Civil Action No._____
v.                                §   (Clerk will assign Number)
                                  §
BRYAN COLLIER, ET AL.,            §
    DEFENDANT                     §


*************************************************************************

EXHIBIT "G" PLAINTIFFS 3 PAGE ARTICLE FROM
HARVARD HEALTH PUBLISHING ON EFFECTS
OF THE HEAT

*************************************************************************

Harvard Health Publishing
**HARVARD MEDICAL SCHOOL**
*Trusted advice for a healthier life*

🛒 CART | FREE HEALTHBEAT SIGNUP | SHOP ▼ | SIGN IN

Pay My Bill »

What can we help you find?    🔍

| HEART HEALTH | MIND & MOOD | PAIN | STAYING HEALTHY | CANCER | DISEASES & CONDITIONS | MEN'S HEALTH | WOMEN'S HEALTH | LICENSING |

Home » Harvard Health Blog » Heat is hard on the heart; simple precautions can ease the strain - Harvard Health Blog

# Heat is hard on the heart; simple precautions can ease the strain

POSTED JULY 22, 2011, 2:48 PM , UPDATED NOVEMBER 5, 2019, 11:52 AM

 Harvard Health Publishing Staff
Harvard Health

Heat waves are unpleasant for healthy folks. For people with cardiovascular trouble, hazy, hot, humid days can be downright dangerous.



Your body shouldn't get too hot (or too cold). If your temperature rises too far, the proteins that build your body and run virtually all of its chemical processes can stop working. The human body sheds extra heat in two ways, both of which stress the heart:

*Radiation.* Like water flowing downhill, heat naturally moves from warm areas to cooler ones. As long as the air around you is cooler than your body, you radiate heat to the air. But this transfer stops when the air temperature approaches body temperature.

Radiation requires rerouting blood flow so more of it goes to the skin. This makes the heart beat faster and pump harder. On a hot day, it may circulate two to four times as much blood each minute as it does on a cool day.

*Evaporation.* Every molecule of sweat that evaporates from your skin whisks away heat. On a dry day, the evaporation of a teaspoon of sweat could cool your entire bloodstream by 2 degrees F. But as the humidity creeps above 75% or so, there's so much water vapor in the air that evaporation becomes increasingly difficult.

Evaporation also strains the cardiovascular system. Sweat pulls more than heat from the body—it also pulls out sodium, potassium, and other minerals needed for muscle contractions, nerve transmissions, and water balance. To counter these losses, the body begins secreting hormones that help the body hold onto water and minimize mineral losses.

**Problems coping**

Most healthy people tolerate these changes without missing a beat. People with damaged or weakened hearts, or older people whose bodies don't respond as readily to stress as they once did, have a much harder time, and may succumb to heat stroke. For example:

- Damage from a heart attack can keep the heart from pumping enough blood to get rid of heat.
- Cholesterol-narrowed arteries can limit blood flow to the skin.
- Medications interfere with heat regulation. Beta blockers slow the heartbeat, and so limit the heart's ability to circulate blood fast enough for effective heat exchange. Diuretics (water pills) make dehydration worse by increasing urine output. Some antidepressants and antihistamines can block sweating.
- A stroke, Parkinson's disease, Alzheimer's disease, diabetes, and other conditions can dull the brain's response to dehydration. So, it may fail to send thirst signals.

Hot, humid weather can be especially hard for people with heart failure, or those on the verge of it. The extra work for the heart, compounded by the loss of sodium and potassium and the internal flood of stress hormones, can push some people into trouble. The combination of increased blood flow to the skin and dehydration may drop blood pressure enough to cause dizziness or falls.

**Beat the heat**

Some simple choices can help you weather the weather and keep heat from overstressing your heart and spoiling your summer.

**Take it easy.** Turn procrastination from a vice to a virtue by putting off exercise or other physical activity until things cool down. Evening and early morning are the best times to get out. If you do exercise, drink more than you usually do.

**Cool is cool.** Chilled air is the best way to beat the heat. Fans work, but only to a point — when the air is as warm as you are, sitting in front of a fan is about as helpful as sitting in front of a blow dryer. If you don't have an air conditioner, spending an hour or two in a movie theater, at a store, or with an air-conditioned neighbor can help. So can a cool shower or bath, or putting a cold, wet cloth or ice pack under your arm or at your groin.

**Drink to your health.** The lower your coolant level, the greater your chances of overheating. Unfortunately, staying hydrated isn't always easy. Stomach or bowel problems, diuretics, a faulty thirst signal, or low fluid intake can all interfere. On dangerously hot and humid days, try downing a glass of water every hour. (If you have congestive heart failure, check with your doctor or nurse first.) Go easy on sugary soda and full-strength fruit juice since they slow the passage of water from the digestive system to the bloodstream. And don't rely on caffeinated beverages or alcohol for fluid because they can cause or amplify dehydration.

**Eat light.** Stick with smaller meals that don't overload your stomach. Cold soups, salads, and fruits can satisfy your hunger and give you extra fluid.

**Warning signs of heat illness**

Heat-related trouble ranges from irritating problems such as prickly heat (also known as heat rash) to heat exhaustion and the potentially deadly heat stroke. It can be hard to tell where heat exhaustion ends and heat stroke begins. Both can be mistaken for a summer "flu," at least at first. Be on the lookout for:

- nausea or vomiting
- fatigue
- headache
- disorientation or confusion
- muscle twitches

If you think you are having heat-related problems, or if you see signs of them in someone else, getting to an air-conditioned space and drinking cool water are the most important things to do. If these don't help or the symptoms persist, call your doctor or go to a hospital with an emergency department.

## Related Information: <u>**Heart Disease: A guide to preventing and treating…**</u>

<u>Print</u>

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## Related Posts:

<u>Racial and ethnic minority communities hit hard by…</u>

<u>Asking saves lives: A simple question can keep…</u>

<u>You can do yoga: A simple 15-minute morning routine</u>

<u>6 simple things that can help lower your blood pressure</u>

<u>Heat related illness: How to keep your cool</u>

| COMMENTS | TOPICS |
|---|---|
| **6** | <u>Health</u> \| <u>Heart Health</u> \| <u>Hypertension and Stroke</u> |

## Comments:

POSTED OCTOBER 21ST, 2011 AT 6:31 PM

**edward**

Thanks for such an informative write up. The heat situation is worsening all over the world. The discussion and precautions listed here would benefit one and all.

The simple but expressive style of the article is laudatory.

POSTED AUGUST 22ND, 2011 AT 4:07 PM
**thestats**

water the elixir to life when the heat in on, its a very nicely done article,Thanks
[URL removed by moderator]

---

POSTED AUGUST 21ST, 2011 AT 4:52 AM
**MP Sidhu**

Thanks for such an informative write up. The heat situation is worsening all over the world.The discussion and precautions listed here would benefit one and all.

The simple but expressive style of the article is laudatory.

---

POSTED AUGUST 13TH, 2011 AT 2:30 AM
**Anonymous**

This post is very great,it helps people having a heart problem..

---

POSTED AUGUST 9TH, 2011 AT 8:03 AM
**newport**

Nice post…

There are two kinds of stress: acute and chronic. An acute stressor is one that happens suddenly and is over quickly. You experience an acute stress response when you are in sudden danger. When stress is chronic, the stress keeps coming instead of being resolved. A chronic stressor is a problem that doesn't change much over the short term, like not making enough money to support yourself and your
[URL removed by moderator]

---

POSTED JULY 30TH, 2011 AT 5:03 AM
**Herbalife24**

This post is indeed informative and very helpful. It can actually help the people who have heart problems. I am definitely gonna share this one of my known.

Commenting has been closed for this post.



Sign up for HEALTHbeat | Digital Subscriptions | Special Health Reports | Print Subscriptions | Customer Service | About Us | Permissions
Do Not Sell My Personal Information | Privacy Policy



© 2010 - 2020 Harvard University. All rights reserved.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KENNETH TAYLOR                        §
    PLAINTIFF                     §
v.                                    §   Civil Action No._____
                                      §   (Clerk will assign Number)
BRYAN COLLIER, ET AL.,                §
    DEFENDANTS                    §

*************************************************************************

EXHIBIT "H" PLAINTIFFS 2 PAGE ARTICLE FROM
NATIONAL INSTITUTE OF ENVIROMENTAL HEALTH SCIENCES,
or CARDIVASCULAR DISEASE AND STROKE RELATING TO THE HEAT.

*************************************************************************

# COVID-19 is an emerging, rapidly evolving situation.

- Get the latest public health information from CDC ☐ *(https://www.coronavirus.gov)*
- Get the latest research information from NIH ☐ *(https://www.nih.gov/coronavirus)*

 **National Institute of Environmental Health Sciences**
*Your Environment. Your Health.*

*(https://www.niehs.nih.gov)*

 Use this QR code to view the newest version of this document

# Cardiovascular Disease and Stroke

## Climate and Human Health

Cardiovascular disease refers to a class of diseases that pertain to the heart of blood vessels, and is the leading cause of death in the United States. Stroke is the third leading cause. Cardiovascular diseases, such as hypertension, coronary artery disease, heart attack, and stroke, affect an estimated 80 million Americans. Extreme cold and extreme heat directly affect the incidence of hospital admissions for chest pain, stroke, cardiac dysrhythmia (irregular heart beat), and other cardiovascular diseases. The elderly and isolated individuals are at the greatest risk for cardiovascular disease and stroke when triggered by temperature extremes.

### Health Impacts



- Extreme cold and extreme heat increase hospital admissions for heart-related disorders and disease, such as dysrhythmias and stroke

- Increased ozone formation due to higher temperatures harms pulmonary gas exchange and causes stress on the heart. Increased ozone concentrations are associated with heart attacks

- Increased particulate matter due to droughts and other conditions is associated with systematic inflammation, compromised heart function, deep venous thrombosis, pulmonary embolism, and blood vessel dysfunction

- Stress and anxiety as a result of extreme weather events are associated with heart attacks, sudden cardiac death, and stress-related cardiomyopathy (heart disease)

- Cardiovascular manifestations caused by certain vector-borne and zoonotic diseases, such as Chagas disease or Lyme disease

### Mitigation and Adaptation

- Increasing the density of urban development and installing tree covers, which can reduce building's energy use

- Reducing the level of emissions of ozone, particulate matter, and other pollutants that are associated with cardiovascular disease, such as reducing the number of vehicle miles traveled, carpooling, using public transportation, using fuel mixtures, and other alternative transportation options
- Increasing the use of air conditioning to protect vulnerable populations from extreme heat reduces the risk of hospital admissions for heart-related diseases and disorders

## Research Needs

- Research on the incidence of cardiac dysrhythmias and associations with temperature and other environmental exposures
- Enhancing research on the complex synergistic effect of temperature, weather variability, long-term climate change, and environmental exposures such as criteria air pollutants on the incidence of various cardiovascular disease outcomes
- Characterizing the many individual constituents of air pollution to better anticipate the health effects from changing the mix of pollutants in air through the use of alternative fuels
- Identifying and quantifying the co-benefits to cardiovascular health of reducing our reliance on fossil fuel-based energy and changing emission scenarios
- Characterizing both the potential health risks and benefits of novel fuels and other energy production activities being considered for large-scale adoption as part of a national mitigation strategy

For more information, please visit the chapter on Cardiovascular Disease and Stroke in A Human Health Perspective on Climate Change (Full Report)
*(https://www.nih.gov/health/materials/a_human_health_perspective_on_climate_change_full_report_508.pdf)* (4MB).

## Related Links

- Air Pollution and Your Health *(https://www.nih.gov/health/topics/agents/air-pollution/index.cfm)*
- Climate Change and Human Health Literature Portal - Cardiovascular Disease *(https://tools.niehs.nih.gov/cchhl/index.cfm/main/search? keyword=Cardiovascular+Disease&qpTYP=&qpyear_published=)*
- Climate Change and Human Health Literature Portal - Stroke *(https://tools.niehs.nih.gov/cchhl/index.cfm/main/search?keyword=Stroke&qpTYP=&qpyear_published=)*

File Assistance: Downloads for viewing files

Adobe Reader 🅟 ☐ *(https://get.adobe.com/reader/)*

**This content is available to use on your website.**
Please visit NIEHS Syndication
*(https://www.niehs.nih.gov/about/od/ocpl/policies/free-web-content/)*
to get started.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KENNETH TAYLOR                      §
    PLAINTIFF                      §
                                   §
v.                                  §   Civil Action No._____
                                   §   (Clerk will assign Number)
BRYAN COLLIER, ET AL.,              §
    DEFENDANT                      §

**************************************************************************

EXHIBIT "I" PLAINTIFFS LETTER FROM
TDCJ STATE CLASSIFICATION

**************************************************************************



# Texas Department of Criminal Justice

_____ **Bryan Collier**
**Executive Director**

May 3, 2021

To:     Kenneth Taylor, TDCJ #00828757        | — | |
        Jester III Unit

From:   Classification and Records
        Classification Information

Re:     Your 04/10/2021 Letter

Your letter was forwarded to the State Classification Committee (SCC) to review and consider your concerns.

There is a large variety of considerations that must be taken into account when housing inmates, the priority being security and medical needs. Upon receipt of your letter, the SCC did carefully review your record and determined at this time, there is no unit that meets all of your security and medical needs.

Due to your sentence, you cannot be assigned to the LeBlanc or Duncan units.

Due to your medical requirement of chronic care, you must have daily access to Hospital Galveston, and thus cannot be assigned to the Lewis unit.

Due to your medical requirement of Type 2 Single Level housing, you cannot be assigned to the Estelle or Stiles units.

We have referred your inquiry to medical for a possible re-evaluation of your health care needs. If there are any changes, we can reassess your assignment at that time.

/jes


xc:  File

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KENNETH TAYLOR                    §
    PLAINTIFF                  §
                                  §
V.                                §    Civil Action No._____
                                  §    (Clerk will assign Number)
BRYAN COLLIER, ET AL.,            §
    DEFENDANT                  §

**********************************************************************

EXHIBIT "J" LETTERS PLAINTIFF HAS
WRITTEN TO DEFENDANTS

**********************************************************************

FROM: Kenneth Taylor
TDCJ#828757
Jester III unit
3-Jester Road
Rich mand Texas
77406

TO: Texas Dep. of Crim.
Justice - State Classification
Att: Kim Massey, Director
P.O. Box 99
Huntsville, Texas
77342

RE: Heat-Stress & Air-Condition housing!

Dear Director Massey,

     I'm writing because I'm a Heat Sensitive Inmate here at the Jester III unit. I have been part of a number legal action, due to my medical condition and heat related problems.

     In a responce to the UNITED STATES DISTRICT COURT, dated February 10, 2020. TDCJ, through their attorney of record "Texas Attorney Generals office" stated the following: "it plans to relocate all of the approximately 6,000 remaining offenders within that population to air-conditioned housing by 2021." <see Page 2, Cavitt, ET.AL. Civil Action No. 4:19-CV-02881,> I'm one of the Plaintiff in that legal action...

     Furthermore, TDCJ's Attorney told the court: "TDJ is committed to housing all 12,000 Offenders with Heat-Sensitive Scores in air-conditioned housing by 2021. (Ex. A at 14) These Measures are appropiate within the Correctional Context and effectve to reasonably accommodate the named Plaintiffs," <see Page 38, Cavitt, ET.AL. Civil Action No. 4:19-CV-02881>

Page 1 of 3

Now, to add insult to injury and my medical condition, its fastly approaching the Summer and high heat of 2021, and have not been moved into air-conditioned housing. "Tester III Unit does have air-conditioned housing available at (3) three location. (i) Medical;(ii) Shelter housing; (iii) 1 section 13&14 dorms>

Again, I would like to point out one last statement TDCJ made through their Counsel; "A more appropriately tailored remedy would accommodate the Plaintiffs, rather than the entire Tester III Unit." (see Page 39 Casuit ET.AL. Civil action No. 1419-cv-02881)

This being the case, I would request you to make the required steps to have me housed in one of the Air-conditioned housing areas at the Tester III Unit.

Please Take Note: I have major medical illness that limit the blood flow to my Brain and Pieces me at a very high risk of stroke. Please see attached document, that have me assigned as close to Hospital facilities as possible, This is why I was move from the Wallace Pack Unit in 2017.

I have also enclosed copies of letters I sent to; James White, John Whitmire and Greg Abbit,

Thank you for taking the time in this ~~matter~~ and making fast correction in this ~~discrepancy~~.

April 10, 2021

FROM: Kenneth Taylor

TDCJ # 82875?

3-Jester Rd

Richmond, Texas

77406

TO: Bryan Collier, Executive Dir.

Texas Dep. Crim. Justice

P.O. Box 99

Huntsville, Texas

77342

RE: Heat Sensitive, Heat Restrictions, and Air-
     Condition Housing.

Dear Director,

I'm writing to address an on going medical Problem / Disability. I have a medical condition that limits the blood flow to and in my brain on the right side.

This illness cause me to have a number of problems, Such as: Seizures, Convulsions, TIA's <mini strokes>, and Cerebral Infractions. <strokes> These conditions and Problems are classified as major body functions and disability under Title II of the Americans with Disabilities Act. This being the case, TDCJ is required to accommodate this disability in the form of Air-condition housing.

I'm classified by TDCJ as a Heat Sensitive inmate with a heat sensitive score. I'm classified by UTMB as restricted from: #19 No Work in Direct Sunlight; #20 No Temperature Extremes; and #21 a ⅓ b No Humidity Extremes. This should have already placed me into Air-Conditioned housing long before now.

I have been part of a number of legal actions dealing with this issue. I take my health and safety very seriously. I was housed at the Wallace Pack Unit, in Navasota, Texas from 2014-2017. I was also one of the plaintiffs in CAVITT, ET AL, VS. DAVIS, ET AL, Civil Action No. 4:19-CV-02881.

In this case TDCJ's attorney of record, TEXAS ATTORNEY GENERAL, told the United States DISTRICT COURT SOUTHEN DISTRICT OF TEXAS HOUSTON DIVISION; that "all" Heat Sensitive inmates would be in air-conditioned housing by 2021.

They also told this Court these measures are appropiate within the Correctional Context and effective to reasonably accommodate the named Plaintiffs. Furthermore they also told this Court that a more appropriately tailered remedy would be to accommodate the Plaintiffs, rather than the entire Jester III Unit. <see defendants Motion to dismiss and Summary Judgement, dated Feb. 10, 2020>

Its 2021 and I'm still not housed in Air-Conditioned housing as TDCJ has mis-lead the Court into believing. I have already exhausted my Grievance Procedures on this issue.

I'm asking that you take action in this matter and have me assigned to Air-condition housing, here at the Jester III unit, <I'M a Heat Sensitive Inmate with a heat score>

Please take Note; I was moved from the Wallace Pack Unit in Jan. 2017 to be as close to UTMB due to my high risk of Stroke. <Enclosed is a copy of Provider to Patient Communication relating the need to be move.>

I have wrote letters to the following people and provided them with the needed documents or will provide them upon request: Kim Massey, Dis. State Classification; Gov. Abbits office; Sen John Whitmires, Rep. James White; Warden Putnam and U.S. Justice Department.

I honorably request your fast and effective help on this matter.

Respectfully

CoCo File

In conclusion, I hope and pray that we can resolve this issue without added litigation.

Respectfully Submitted

C.C. File
C.C. Lori Chaney "family members"
C.C. Governor Greg Abbit
    P.O. Box 12428
    Austin, Texas
       78711

C.C. Texas Rep, James White
    1400 Congress Ave
    P.O. Box 2910-
    Austin, Texas
       78711- 2910

C.C. Texas Senator John Whitmire
    1400 Congress Ave
    P.O. Box 12068
    Austin, Texas
       78711-2068

April 10, 2021

FROM: Kenneth Taylor
TDCJ # 828757
3- Jester ▓ Rd.
Richmand, Texas
77406

TO: Kenneth M. Putnam Jr
Sir, Warden Jester III unit
3- Jester Road
Richmand, Texas
77406

RE: Heat Sensitive, Heat restrictions, and Air-Condition Housing.

Dear Warden,

    I'm writing to address an on going Medical Problem / Disability. I have a medical condition that limits the blood flow to and in my brain on the right Side.

    This illness causes me to have a number of problems, such as: Seizures, Convulsions, TIA's < Mini Strokes>, and Cerebral Infractions. < Strokes> These conditions and problems are classified as Major body functions and disability under Title II of the Americans With Disabilities Act. This being the case, TDCJ is required to accommodate this disability in the form of Air-Condition housing.

    I'm classified by TDCJ as a heat Sensitive inmate with a heat Sensitive score. I'm classified by UTMB as restricted from: #19 No Work in Direct Sunlight; #20 No Temperature Extremes; and #21 a;b No Humidity Extremes. This Should have already placed me into Air-Conditioned housing long before now.

I have been part of a number of legal actions dealing with this issue. I take my health and safety very seriously. I was housed at the Wallace Pack Unit, in Navasota, Texas from 2014-2017. I was also one of the Plaintiffs in CAVITT, ET AL., VS. DAVIS, ET AL., Civil Action No. 4:19-CV-02881.

In this case TDCJ's attorney of record, TEXAS ATTORNEY GENERAL, told the UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION: that "911" Heat Sensitive inmates would be in air-conditioned housing by 2021.

They also told this court these measures are appropiate within the correctional context and effective to reasonably accommodate the named Plaintiffs. Furthermore they also told this Court that a more appropriately tailered remedy would be to accommodate the Plaintiffs, rather than the entire Jester III unit. < See defendants motion to Dismiss and Summary Judgement, dated Feb. 10, 2020>

Its 2021 and I'M still not housed in air-conditioned housing as TDCJ has mis-lead the court in to believing. I have already exhausted my Grievance procedures on this issue.

I'm asking that you take action in this matter and have me assigned to Air-Condition Housing, here at the Jester III units < I'm a Heat Sensitive Inmate with a heat score.>

Please take note: I was moved from the Wallace Pack Unit in Jan. 2017 to be

as close to UTMB due to my high risk of stroke. < I will provide medical documentation on request of you, your attorney or the courts>.

I have wrote letters to the following people and provided them with all the needed documentations; Kim Massey, Dir. State Classification, Gov. Abbits office; Sen. Whitmire; Rep. James White; Marica Jackson Regional Dir; and Oryan Collier, Executive Director.

I honorably request your fast and effective help on this matter

Respectfully

C.C. File

April 10, 2021
FROM: Kenneth Taylor
TDCJ #828757
3- Jester Rd
Richmond, Texas
77406

To: Maricia Jackson
Region III Director TDCJ
400 Darrington Rd.
Roshaion, Texas
77583

RE: Heat Sensitive, Heat restrictions, and Air-Condition
Housing.

Dear Director,

I'm writing to address an on going
Medical Problem/Disability. I have a Medical
Condition that limits the blood flow to and in
My brain on the right side.

This illness cause me to have a number
of Problems, Such as: Seizures, Convulsions, TIA's
(Mini Strokes), and Cerebral Infractions. (Strokes)
These Conditions and Problems are classified as
Major body functions and disability under Title
II of the Americans With Disabilities Act. This
being the case, TDCJ is required to accommodate
this disability in the form of Air-Condition housing.

I'm classified by TDCJ as a heat Sensitive
inmate with a heat Sensitive Score. I'm classified
by UTMB as restricted from: #19 No Working in
Direct Sunlight; #20 No Temperature Extremes; and
#21 a+b No Humidity Extremes. This should have
already placed me into Air-conditioned housing
long before now.

I have been part of a number of legal actions dealing with this issue. I take my health and safety very seriously. I was housed at the Wallace Pack unit, in Navasota, Texas from 2014-2017. I was also one of the plaintiffs in _CAVITT, ET AL., VS. DAVIS, ET AL., Civil Action NO. 4:19-CV-02881._

In this case TDCJ's attorney of record, _TEXAS ATTORNEY GENERAL_, told the _UNITED STATES DISTRICT COURT SOUTHEN DISTRICT OF TEXAS HOUSTON DIVISION_: that "all" Heat Sensitive inmates would be in air-conditioned housing by 2021.

They also told this court these measures are appropiate withing the Correctional context and effective to reasonably accommodate the named plaintiffs. Furthermore they also told this court that a more appropriately tailored remedy would be to accommodate the plaintiffs, rather than the entire Jester III Unit. < see defendants motion to dismiss and Summary Judgement, dated Feb.10, 2020>

It's 2021 and I'm still not housed in Air-Conditioned housing as TDCJ has mis-lead the court into believing. I have already exhausted my Grievance Procedures on this issue.

I'm asking that you take action in this matter and have me assigned to Air-Condition Housing, here at the Jester III unit, <I'm a Heat Sensitive Inmate with a heat score>

<u>Please take Note:</u> I was moved from the Wallace Pack unit in Jan. 2017 to be



as close to UTMB due to my high risk of Stroke. (Enclosed is a copy of the request from U.T.M.B, dated 12/28/2016).

I have wrote letters to the following people and provided them with the need documents or will provide upon request: Kim Massey, Dir. State Classification, Gov. Abbits office; Sen. John Whitmire; Rep. James White; Warden Putnam; and Bryan Collier, Executive Director.

I honorably request your fast and effective help on this matter.

Respectfully,

C.C. File

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KENNETH TAYLOR                          §
   PLAINTIFF                          §
                                        §
v.                                      §   Civil Action No._____
                                        §   (Clerk will assign Number)
BRYAN COLLIER ET AL.,                   §
   DEFENDANT                          §

*************************************************************************

EXHIBIT "K" PLAINTIFFS AFFIDAVIT

*************************************************************************

## AFFIDAVIT

THE STATE OF TEXAS
COUNTY OF FORT BEND

    My name is *Raymond Lee Curth* and TDCJ #*1597462*
am housed at the Jester 3 Unit on *15* dorm that is air-cond-
itioned. At any time over the last 30 days we have had at least
*2* empty bunks.

    I declare underpenalty of perjury that the foregiong is
true and correct.

    Excuted on *4* day of *June* 2021.


    Under Title 6 of the Texas Civil Practices and Remedies
Code, Chapter 132 permits use of Unsworn Declaration.

Name *Raymond Curth*
Signature *[signature]*
TDCJ #*1597462*

# AFFIDAVIT

THE STATE OF TEXAS
COUNTY OF FORT BEND

My name is _Harry Rutherford_ and TDCJ# _1331736_ am housed at Jester 3 Unit on _15_ dorm that is air-conditioned. At any time over the last 30 days we have had at least _2_ empty bunks.

I declare underpenalty of perjury that the foregiong is true and correct.

Excuted on _4_ dayof _June_ 2021

Under Title 6 of the Texas Civil Practice and Remedies Code, Chapter 132 permits use of Unsworn Declaration.

Name _Harry C Rutherford_
Signature _Harry Rutherford_
TDCJ # _1331736_

# AFFIDAVIT

THE STATE OF TEXAS                              §

COUNTY OF FORT BEND                             §


I Kenneth Taylor, the Plaintiff in this Civil Action, do hereby Declare under the Penalty of Perjury, that i know for a fact that on June 03, 2021 that 16 dorm had at least 5 emty bunks. I was shown this by an Officer which wishes me not to disclose their name. I also know that over the Past 30 days there has been empty bunks on 15 Dorm and Sheltered Housing Areas. These are all Air-Condition living areas. The same are for whicI need to be housed in.


Executed on this 4th Day of June 2021.


Under Title 6 of the Texas Civil Practice & Remedies Code, Chapter 132, Prisoners are permitted to use Unsworn Declaration in Place of Notary.

x. _____

kenneth Taylor TDCJ No.828757
DOB:02/03/1967
Jester III. Unit
3 Jester Rd.
Richmond, Texas  77406

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH TAYLOR | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | Civil Action No._____ |
| | § | (Clerk will assign Number) |
| BRYAN COLLIER, ET AL., | § | |
| DEFENDANT | § | |

*************************************************************************

PLAINTIFFS EXHIBIT "L" 16 DORM
TRACKING DOCUMENTS

*************************************************************************

| NAME | TDC# | HOUSING | R | CU | HT | WT | AGE | JOB DESCRIPTION | S | P | D | C |
|------|------|---------|---|----|----|----|----|----------------|---|---|---|---|
| BARNARD,STEPHEN PAT | 00829751 | DORM 16-001 | W | MD | 6 00 | 340 | 69 | INSIDE MEDICAL SQ 1ST EX | | | | |
| JOHNSON,PATRICK | 02131545 | DORM 16-002 | W | MD | 6 06 | 328 | 64 | UNASGN MEDICAL | | | | |
| DRISKILL,DEAN ALLEN | 02142600 | DORM 16-003 | W | MD | 5 11 | 212 | 65 | UNASGN MEDICAL | | | | |
| HARTNEY,CARL WILLIAM | 01670192 | DORM 16-005 | W | MD | 5 04 | 229 | 53 | INSIDE MEDICAL SQ 1ST | | | | |
| STEEL,DAVID LEE | 02079767 | DORM 16-006 | W | MD | 6 00 | 212 | 51 | FOLDER LAUNDRY 1ST | | | | |
| PUENTE,VICTOR HUGO M | 01620472 | DORM 16-007 | H | MD | 5 03 | 140 | 48 | INSIDE MEDICAL SQ 1ST ACPAC | | | | |
| MIRELES,ELISANDRO G | 01927863 | DORM 16-008 | H | MD | 5 06 | 145 | 76 | UNASGN MEDICAL | | | | |
| WOODWARD,PAUL | 00311239 | DORM 16-009 | W | MD | 5 08 | 221 | 70 | UNASGN MEDICAL | | | | |
| CRAFT,MARVIN WAYNE | 02338315 | DORM 16-010 | W | G2 | 6 00 | 205 | 67 | UNASGN MEDICAL | | | | |
| GRUNAU,ROY EARL | 00297057 | DORM 16-011 | W | MD | 5 08 | 213 | 69 | INSIDE MEDICAL SQ 1ST | | | | |
| JEFFERSON,DARYL MAUR | 02000217 | DORM 16-013 | B | G3 | 5 09 | 354 | 61 | UNASGN MEDICAL | ACPAC | | | |
| EWING,MICHAEL RICHAR | 01294324 | DORM 16-018 | W | MD | 6 03 | 300 | 70 | UNASGN MEDICAL | ACPAC | | | |
| GULIANI,GERALD CHRIS | 01868872 | DORM 16-019 | W | MD | 5 11 | 195 | 55 | UNASGN MEDICAL | ACPAC | | | |
| HOBBS,MICHAEL JOE | 00511304 | DORM 16-020 | W | MD | 6 02 | 267 | 60 | UNASGN MEDICAL | | | | |
| GIPSEY,ALLEN DEWITT | 00891604 | DORM 16-021 | B | MD | 6 02 | 271 | 74 | JANITOR DORM 16 1ST | | | | |
| PUCKETT,WILLIAM EARN | 01281937 | DORM 16-022 | W | MD | 5 09 | 242 | 79 | UNASGN MEDICAL | | | | |
| POWELL,DONALD JR | 01598235 | DORM 16-023 | B | MD | 6 02 | 221 | 58 | INSIDE MEDICAL SQ 1ST ACPAC | | | | |
| DAVIS,MIKE | 01921729 | DORM 16-024 | W | MD | 6 03 | 360 | 70 | UNASGN MEDICAL | | | | |
| PENA,DANIEL RAY | 02223303 | DORM 16-025 | H | MD | 5 07 | 192 | 45 | UNASGN MEDICAL | ACHRI | | | |
| BUCKLEY,MICHAEL LOUI | 00240473 | DORM 16-026 | W | MD | 5 11 | 243 | 72 | UNASGN MEDICAL | EX | | | |
| KUTACH,JORDAN WESLEY | 01972571 | DORM 16-027 | W | G2 | 5 09 | 114 | 28 | UNASGN MEDICAL | | | | |
| ALLEN,CHARLES BILLY | 00790799 | DORM 16-029 | B | MD | 6 01 | 240 | 72 | INSIDE MEDICAL SQ 1ST | | | | |
| FEGANS,ARTIMUS LOREN | 01550650 | DORM 16-031 | B | G2 | 5 04 | 204 | 41 | INSIDE MEDICAL SQ 1ST | | | | |

TOTAL:    23