# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| KENNETH TAYLOR | § |
| V. | § Civil Action No. 4:21-CV-02161 |
| BRYAN COLLIER et, al., | § |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT OF

TO THE HONORABLE JUDGE OF THE SAID COURT:

NOW COMES, Kenneth Taylor, Pro Se plaintiff and makes this Motion for Summary Judgment and Memorandum in support pursuant to Rule 56 of the Fed. R. Civil Pro.

## I
## PRO SE LITIGATION RULE

Pleadings of a Pro Se complaint should be held to less stringent standards, than formal pleadings drafted by lawyers. Court must construe Pro Se pleadings and arguments liberally in light of the party's lay status, but zealously guard their raison d'ere as neutral and unbias arbite. KING V. LIFE SCHOOL, 809 F. Supp. 2d 577 (N.D. Texas 2011); and SHAW V. BISCO, 541 F2d 489 (5th Cir. 1976, 97 S.Ct 1556 cir. den.)

## II

## BACKGROUND OF ACTION

The Plaintiff is a disabled person as defined by A.D.A.; A.D.A.A.A.; and R.A. Plaintiff filed suit on July 01, 2021. The Court ordered defendants to Answer on October 15, 2021. The defendants filed a motion for Extention of time. The defendants made an answer to the court on December 13, 2021. Plaintiff was not served his copy until December 30, 2021. The Plaintiff made a prompt response and objection, and placed it in the prison mail system on Monday January 03, 2021.

## III

## STATEMENT OF FACTS

The plaintiff is a disabled person as defined by: ADA; ADAAA; and RA. The plaintiff has supplied the court and defendants with Medical records and supporting law in his filing. See < Document 4, Plaintiffs Memorandum of law in support of his 42 U.S.C. 1983 >

The defendants have openly stated to this court in a suit the plaintiff was part of filed in 2019 that: "TDCJ is committed to housing all 12,000 offenders with Heat Sensitivity Score in Air-Conditioned housing by 2021. These measures are appropriate within the correctional context and effective to reasonably accomadate the name plantiffs." and "A more appropaite tailored remedy would be to accomodate the plaintiffs specifically rather than the entire Jester III Unit." See, CAVITT, et al V. DAVIS et al,

2

Civil action Number 4:19-CV-02881. < defendants Motion to dismiss and Summary Judgment, dated 10, 2020 Pages 38 & 39>

Plaintiff repeatedly requested to "ALL" the defendants reasonable accomodations for his Medical Condition/disabilities, but was refused. On April 18, 2021 Plaintiff filed his third Grievance addressing Heat issues and A/C housing. The defendants stated as follows: "Your grievance was investigated and disclosed you are housed appropriately per SCC. There is not an A/C bed to accommodate the inmates medical needs at this time. Heat Score review 03/05/21. No further action warranted. Plaintiff filed his 3rd Step 2 on June 1, 2021

The Plaintiff filed suit on July 01, 2021. Just five days after filing suit, July 06, 2021 defendants moved Plaintiff to the LeBlanc, unit in Beaumont, Texas, < an Air-condition unit>

The Plaintiff was again moved on December 07, 2021, back to the Jester III unit, and is not housed in Air-conditioned housing.

Please take Note: The Plaintiff exhausted his administrative remedies pursuant to 42 U.S.C. § 1997 (a). See < Document 4 Pages 20-27 Copies of Grievance # 2019168107, step 1 & 2; # 2019177588, step 1 & 2.

This, is and has been an on going never ending issue with The defendants and should be classified as an on going Continous Tort.

# IV

## STANDARD OF REVIEW

Summary Judgment is appropriate when the record reflects that there is no genuine issue of material fact and the moving party is entitled to a Judgment as a matter of law. Fed. R. Civ. P. 56(c)

The Moving party bears the initial burden of showing that there is no genuine issue for trial; it may do so by pointing out "the absence of evidence supporting the non moving party's case," DUFFY V LEADING EDGE PRODUCTS INC., 44 F3d 308 (5th Cir. 1995); and SKOTAK V. TENNECO RESIN. INC., 535 F2d 909, 913 (5th Cir.)

If the moving party meets this burden, the nonmoving party who will have the burden of proof at trial must come forward with Summary Judgment evidence establishing the existence of an genuine issue; that evidence must be such that if introduced at trial it would suffice to prevent a direct verdict against nonmoving party. CELOTEX CORP. V. CALRETT, 477 U.S. 317, 321, 105 S.Ct. 2548, 2552 (1986)

# V

## ARGUMENTS

The "ONLY" issue of material fact in this case is whether Plaintiffs' medical condition/disabilities require him to be in Air-Condition housing.

The defendants previously admitted that Plaintiffs' medical condition/disabilities require him to be housed in Air-Conditioning. This admission is found in the defendants motion for Summary Judgment and sworn to under oath.

4

"TDCJ is committed to housing all 12,000 offenders with heat sensitivity score in Air-condition housing by 2021. These measures are effective to reasonably accommodate the named Plaintiffs." and "A more appropriate tailored remedy would be to accommodate the plaintiffs specifically, rather than the entire Jester III unit." See RAYMOND L. CAVITT et al., V. LORIE DAVIS, ET al., Civil Action No. 4:19-CV-02881. (defendants Motion to dismiss and Summary Judgment, Pages 38 and 39, dated February 10, 2020)

It has been well established that under 28 U.S.C. § 1746 that sworn testimony is competent summary judgment evidence. The above motion Quot is a sworn pleading under Oath to this Court, and valid evidence. See HART V. HAIRSTON 343 F3d 762 (5th Cir.); and NISSHO-IWAI AMERICAN CORP. V. KLINE, 845 F2d 1300, 1306 (5th Cir. 1998)

The plaintiff has repeatedly requested accommodations in Air-conditioned housing for his medical condition/disabilities and had been refused. The plaintiff filed "additional" grievances on April 18, 2021. The response leaves no room for error on this issue. The response on Step 1 is as follows: "Your grievance was investigated and disclosed you are housed appropriately per SCC. There is not an A/C bed to accommodate the inmates' medical needs at this time. Heat score Reviewed 03/05/21. No further action warranted."

The plaintiff filed his "3rd" Step 2 on June 1, 2021. The response on that grievance is as follows: "An investigation was conducted into your concern. Administration is aware and records reveal you were reassigned to the LeBlanc unit

5

on 7/6/21; therefore, your request has been resolved. No further action is warranted."

As a result of the filing of this suit and the before mention grievances the plaintiff was moved to LeBlanc. But the Plaintiff was moved back to Jester III on December 07, 2021 and no longer housed in A/c housing.

The plaintiffs STEP 1 & 2 GRIEVACes are official TDCJ documents. TDCJ is a Texas STATE Department, thus making them Governmental documents.

Under Texas State law these documents are Judicial admissions. See 742 S.W.2d 512, 513 (App-Tyler 1983). "The Blacks LAW Dictionary" defines a Judicial admission as follows: "A formal waiver of proof that relieves an opposing party from having to prove the admitted fact and bars the party who made the admission from disputing it.

The defendants own admissions, show that the only genuine Material fact in this case is true. The plaintiff's Medical conditions/disabilities require Air-Condition housing. Therefore plaintiff is entitled to Summary Judgment as a matter of law.

## VI

## CRIMINAL IMPLICATIONS

For the defendant to deny, withdraw, or dispute the above admissions is a ciminal offence in Federal and State court and punishable by imprisonment.

# VII
# ON GOING CONTINOUS TORT

The plaintiff states that for the sole purpose of Statute of limitations, Now brings to the court the concept of "Continuioning Tort".

Texas has long recogidnized this concept, in which tortious behavior is repeated, or continues for a time, see ADLER V. BEVERLY HILLS HOSP. 594 S.W.2d 135; and PET V. METCLFE, 8 F3d 214, 218 (5th Cir. 1993, citing Adler)

The plaintiff has and is within the statute of limitations as provide within the laws and statues of the United States and the state of Texas. But the plaintiff would like to ~~[redacted]~~ preserve the record as far back as 2014 when he was first hospitalized for his medical condition/disabilities and for which the defendant knew.

# IIX
# CONCLUSION

In conclusion the plaintiff has shown this court that he is a disabled person as defined by A.D.A.; A.D.A.A.A.; and R.A.. The plaintiff has also shown this court that the defendants have admitted to such and refused to place him into air-condition housing until he filed suit on July 01 2021. At the pressent time he is not housed in air-conditioned housing. Furthermore each day he has not been in air-conditioned housing and continues not to be he suffers unrepairable harm. This being the case he is entitled to Summary Judgment by law.

7

## IX
## PRAYER

The Plaintiff prays this Honorable Court grant the Plaintiff Motion for Summary Judgement.

Respectfully Submitted

Kenneth Taylor Pro Se Plaintiff

## X
## DECLARATION

I, Kenneth Taylor, TDCJ No. 828757, being presently incarcerated at the Jester III. Unit, Sugar and Declare under the Penalty of Perjury this Motion for Summary Judgment and Memorandum in support is True and Correct to the best of my knowledge.

Executed this 6th day of January 2022

Respectfully Submitted

Kenneth Taylor Pro Se Plaintiff
TDCJ # 828757

## XI
## CERTIFICATE OF SERVICE

I, Kenneth Taylor, hereby certify a true & correct carbon copy of this document was sent by U.S. Mail to Jeanine M. Coggeshall, at P.O. Box 12548, Austin, Texas 78711

Respectfully Submitted

Pro Se Plaintiff

8



Texas Department of Criminal Justice

# STEP 2 OFFENDER GRIEVANCE FORM

Offender Name: Kenneth Taylor  TDCJ # 828757
Unit: Jester III (BA)  Housing Assignment: 1-11
Unit where incident occurred: Jester III

**OFFICE USE ONLY**
Grievance #: 2021099743
UGI Recd Date: JUN 0 3 2021
HQ Recd Date: JUN 0 4 2021
Date Due: 7-13-21
Grievance Code: 200 / 598
Investigator ID#: 11312 12823
Extension Date: AUG 2 2 2021

You must attach the completed Step 1 Grievance that has been accepted. You may not appeal to Step 2 with a Step 1 that has been [...] he Warden for your Step 2 appeal to be processed.

Give reason for appeal (Be Specific). I am dissatisfied with the response at Step 1 because...

The response on Step 1 Grievance # 2021099743 dated 5/25/21 was in violation of Federal Law, my medical/disability needs, and the statements you made to the UNITED STATES DISTRICT COURT. Under A.D.A. I'm classified as an disabled person with special medical needs, in the form of "AIR-CONDITION HOUSING". In your response on Step 1 at the unit level, they stated: "There is not an A/C bed to accommodate the inmate's medical needs at this time." Not only is this in direct conflict with your sworn pleadings to the court, it's also INTENTIONAL DISCRIMINATION OF A DISABLED PERSON, under Title II of THE AMERICANS WITH DISABILITIES ACT; LIGHTBOURN V. COUNTY OF EL PASO TEX. 118 F3d 421, 428 (5th Cir. 1997); and UNITED STATES V. GEORGIA 546 U.S. 151 at 157, 126 S.Ct. 877 at 881-882.
Therefore your intentional denial to accommodate my medical and disability needs, not only opens the door for more legal action, but damages for your knowingly and intentionally doing so and giving a written statement of such on the Step 1 Grievance.
I fully intend to file suit in court if this issue can not be resolved within the next 40 days. This is the time you have to make a response to this Step 2 Grievance.
Please take note: Just like the Step 1 I'm sending copies of this to the same people listed on the Step 1 with letters addressing the

I-128 Front (Revised 11-2010)  YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM  (OVER)

Appendix G

legal Issues to each Person on the role they may play in any up-coming legal action.
C.C. File
C.C. all listed on step 1
C.C. U.S. District Court to be filed as evidence in up-coming legal action.

Offender Signature: /s/      Date: June 1, 2021

**Grievance Response:**

An investigation was conducted into your concern. Administration is aware and records reveal you were reassigned to the LeBlanc unit on 7/6/21; therefore, your request has been resolved. No further action is warranted.

Signature Authority: J. Back / Back      Date: SEP 17 2021

Returned because: *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted.*
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

CGO Staff Signature: _____

**OFFICE USE ONLY**

Initial Submission      CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___Screened ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____

2nd Submission      CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___Screened ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____

3rd Submission      CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___Screened ___Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)      Appendix G

# Texas Department of Criminal Justice

## STEP 1 — OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2021099743 |
| Date Received: | 4-22-21 |
| Date Due: | 6-1-21 |
| Grievance Code: | 200 / 598 |
| Investigator ID #: | ~~1793~~ 12682 |
| Extension Date: | |
| Date Retd to Offender: | MAY 26 2021 |

Offender Name: Kenneth Taylor  TDCJ #: 828757
Unit: Jester III  Housing Assignment: 1-11
Unit where incident occurred: Jester III

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.
Who did you talk to (name, title)? Please see Below  When? Please see Below
What was their response? None
What action was taken? None

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I have wrote letters to the following people addressing this issue: Kenneth M. Putnum Jr, Warden Jester III; Maricia Jackson, Director TDCJ region III; Bryan Collier, Executive Director TDCJ; Kim Massey Director TDCJ State Classification; John Whitmire, Texas Senator; James White, Texas Representive; and Govenor Greg Abbot. The last of these letters were sent "Legal" U.S. Mail on April 10, 2021.

I'm a heat sensitive inmate, with a heat score; heat restricted and have underlining health conditions. These Medical Condition classify me as a disabled person under "ADA". This disability requires Air-condition housing for which I do not have and TDCJ refuses to house me in at Jester III unit. This issue has been on going and resulted in legal action in CAVITT-VS-DAVIS, et al Civil Action No. 4:19-CV-02881. In this Case TDCJ's attorney of record told the UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION: "that "all" heat sensitive inmates would be in air-condition housing by 2021." They also told this same court "these measures are appropiate within the correctional contex and effective to reasonably accommodate the named Plaintiffs." Furthermore they also told this court " a more appropiate tailered remedy would be to accommodate the Plaintiffs, rather than the entire Jester III unit." <See defendants Motion to dismiss and summary Judgement, dated Feb. 10, 2020> "I am ONE OF THOSE PLAINTIFF" and have not been accommodated! Now, its the start of the 2021 Heat Season in TDCJ and I'm still not in Air-Condition housing as TDCJ's attorney told the court I would be, as a heat senitive inmate and a Plaintiff in that legal action.

I-127 Front (Revised 11-2010)  YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM  (OVER)

Appendix F

This deception has prompted this action and is close to a very soon filing of additional legal action. Please take Note: I was assigned to the Pack Unit in Navasota, from August 2014-2017, but move at the request of UTMB Galveston to be as close to Hospital Galveston due to my High risk of Stroke.

This being the case TDCJ Has defrauded the courts and have placed me in additional danger of my Health & Safety

c.c. File
c.c. File All Listed above
c.c. U.S. District Court, Regional Grievance & Main Grievance Huntsville

**Action Requested to resolve your Complaint.**
To be moved into Air-Condition housing at Jester III or Carol Young the two closest A/C equiped units to Hospital Galveston

**Offender Signature:** /s/ **Date:** April 18 2021

**Grievance Response:**

Your grievance was investigated and disclosed you are housed appropriately per SCC. There is not an A/C bed to accommodate the inmate's medical needs at this time. Heat Score Review 03/05/21. No further action warranted.

**Signature Authority:** BRUCE FREDERICK. Asst Warden  **Date:** 5/25/21

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

**OFFICE USE ONLY**
Initial Submission     UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
**2nd Submission**     UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____
**3rd Submission**     UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

I-127 Back (Revised 11-2010)

Appendix F

January 06, 2022

Kenneth Taylor, 828757

Jester III unit

UNITED STATES DISTRICT Court

3- Jester Rd.

Att: Clerk

Richmond, Texas

P.O. Box 61010

77406

Houston, Texas

77406

RE: TAYlor v. COLLIER, et al   Civil Action No 4:21-cv-02161

Dear Clerk,

Enclosed you will find a Motion for Summary Judgment and Memorandum in support to be filed in your Court.

A copy of this was sent by U.S. Mail to the defendants counsel of record, The Texas Attorney Generals office.

Respectfully

Kirmeyn Taxlol, 828757
3aster
3- Jester Rd
Richmond, Texas
77406

United States Courts
Southern District of Texas
FILED
JAN 10 2022
Nathan Ochsner, Clerk of Court

United States District
Att: Clerk
P.O. Box 61010
Houston, Texas
77208