IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH TAYLOR, TDCJ #828757,<br>*Plaintiff*, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:21-CV-2161 |
| BRYAN COLLIER, ET AL.,<br>*Defendants*. | §<br>§<br>§<br>§ | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants Texas Department of Criminal Justice ("TDCJ"), Bryan Collier, Maricia Jackson, and Kenneth M. Putnam, Jr, (collectively, the "Defendants"), by and through the Office of the Attorney General for the State of Texas, move the Court for entry of summary judgment on all claims in this suit and ask the Court to deny Plaintiff Kenneth Taylor's motion for summary judgment.

## I. STATEMENT OF THE CASE

Plaintiff Kenneth Taylor is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ") and is housed at the Jester III Unit in Richmond, Texas. ECF No. 1, Exhibit A. Taylor filed suit alleging violations of his Eighth and Fourteenth Amendment rights, Title II of the Americans with Disabilities Act, and the Rehabilitation Act. ECF No. 1 at 4. Taylor seeks injunctive relief and monetary damages. *Id.* Specifically, Taylor seeks an order mandating that he be assigned to air-conditioned housing and money damages. ECF No. 1, 4 at 11. Defendants denied all claims and asserted all applicable immunities. ECF No. 23.

Defendants have provided initial disclosures to Taylor which included over 1,300 pages of relevant grievance, classification, and medical records. Although the Court allowed Taylor to serve discovery requests on Defendants, he had not done so. *See* ECF Nos. 39, 51.

Taylor moved for summary judgment arguing that he met his burden to show that he is required to be housed in air-conditioning and is entitled to injunctive relief. *See* ECF No. 34.

## II. ISSUES PRESENTED

- Should Taylor's claims for injunctive relief be dismissed as moot?

- Can Taylor recover compensatory damages when he has not suffered a physical injury?

## III. SUMMARY JUDGMENT EVIDENCE

Exhibit A: Declaration of Kenneth Putnam.

## IV. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." There is no genuine issue of material fact "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (stating that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact"). "A fact is material only if its resolution would affect the outcome of the action, and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (citing *Anderson*, 477 U.S. at 248). A party is entitled to judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In the context of a summary judgment based on qualified immunity, the burden of proof is shifted. *Gates v. Texas Dept. of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008). When an official pleads qualified immunity, the plaintiff bears the burden of rebutting the defense. *Id.* Thus,

a plaintiff must establish that a genuine issue of material fact exists as to whether the official's conduct constituted a violation of a clearly established law. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

## V. SUMMARY OF ARGUMENT

Taylor's claims for injunctive relief are moot and should be dismissed in their entirety. Taylor is housed in air-conditioned housing at the Jester III Unit and will continue to be housed in air-conditioned housing based on his heat sensitivity score.

Likewise, Taylor's claims for damages should also be dismissed in their entirety. Taylor broad claim for damages is barred as a matter of law and, absent a physical injury, Taylor cannot recover the damages he seeks under the Prison Litigation Reform Act.

Further, Defendants ask the Court to deny Taylor's motion for summary judgment. Taylor's Motion for Summary Judgment should be denied because his claims for injunctive relief are moot and he has not offered competent summary judgment evidence to meet his burden of proof on any of the elements of his claims.

Ultimately, there is no genuine issue of material dispute and Defendants are entitled to judgment as a matter of law. Summary judgment should be entered in Defendants' favor and all claims against them should be dismissed.

## VI. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants move the Court for entry of summary judgment in their favor pursuant to Federal Rule of Civil Procedure 56. There is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law.

**A. Taylor's request for injunctive relief is moot because Taylor is housed in air-conditioned housing.**

The heart of Taylor's suit is his request for an injunction ordering Defendants to house Taylor in air-conditioned housing. Attached to this motion is a declaration of Defendant Kenneth Putman,

who still holds the position of senior warden of the Jester III Unit where Taylor is housed. *See* Exhibit A. Putman declares that Taylor is assigned to air-conditioned housing in Dorm 1 at Jester III due to his heat sensitivity classification. *Id.* Putman also declares that Taylor will continue to be housed in an air-conditioned during the summer months due to his heat sensitivity classification. *See* Ex. A. Because Taylor is housed in air-conditioned housing, his claims for injunctive relief seeking the same relief have been rendered moot.

A claim is moot when the parties are no longer "adverse parties with sufficient legal interests to maintain the litigation." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 324 (5th Cir. 2009), *aff'd sub. nom. Sossamon v. Texas*, 131 S. Ct. 1651 (2011) (affirming dismissal of inmate's RLUIPA claim where the relief sought was provided rendering the claim moot); *see also City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000).

Dismissal under Rule 56 is proper when the movant demonstrates there exists no genuine dispute of material fact as to a cause of action. *Celotex v. Catrett*, 477 U.S. 317, 326 (1986). Because there is no longer any active controversy between the relief sought by Taylor as to his claims for injunctive relief, his claims for injunctive relief are moot and should be dismissed.

**B. Defendants are entitled to summary judgement on Taylor's claim for money damages.**

In his complaint, Taylor states that he seeks $25,000 in damages per year for each Defendant dating back to June 2014. ECF No. at 4. In Taylor's memorandum of law in support of his complaint, Taylor states that that he is entitled to monetary damages for violations of the ADA. ECF No. 4 at 11. Taylor asserts that Defendants violated the ADA by intentionally discriminating against him by not providing him air-conditioned housing for his medical conditions. *Id.*

Other than this clarification, a thorough review of Taylor's complaint and memorandum of law does not reveal any other allegations that could be construed as a claim upon which Taylor is

4

seeking to recover monetary damages. *See* ECF Nos. 1 & 4. Even under liberal construction standards that apply to pro se pleadings, Taylor alleges no set of facts that indicate he suffered an injury caused by the actions of Defendants other than this claim of discrimination. *See id.*

A plaintiff asserting a private cause of action for violations of Title II of the ADA may only recover compensatory damages upon a showing of intentional discrimination. *Delano-Pyle,* 302 F.3d at 574; *Carter v. Orleans Parish Pub. Sch.*, 725 F.2d 261, 264 (5th Cir.1984); *see also Barnes v. Gorman*, 536 U.S. 181, 189 (2002) (holding punitive damages are not available in an ADA suit). Further, there is no individual liability under the Title II of the ADA. *See Nottingham v. Richardson,* 499 F. App'x 368, 376 n.6 (5th Cir. 2012) (citations omitted).

Although Taylor also requests damages going back to 2014, any claims for damages arising prior to June 28, 2019, are barred by the applicable statute of limitations[1]. Because Title II of the ADA does not specify a limitation period, under 42 U.S.C. § 1988(a) the limitation period follows state law. *See Holmes v. Texas A&M Univ.*, 145 F.3d 681, 684 (5th Cir. 1998) (citing *Hickey v. Irving Indep. Sch. Dist.,* 976 F.2d 980, 982 (5th Cir. 1992)). In Texas, the statute of limitations governing personal injuries is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a). Since Taylor, filed suit on June 28, 2021, any claims for damages that arose before June 28, 2019, are barred by the applicable statute of limitations.

While Taylor has sought damages against each Defendant going back to June 2014, by law his potential recovery of damages is limited to compensatory damages against TDCJ for intentional discrimination within the two-year limitations period from when he filed suit.

Additionally, the limitations set by the Prison Litigation Reform Act ("PLRA") further restrict Taylor's ability to recover damages in this case and ultimately bar him from any recovery. Because

---

[1] In addition to the statute of limitations issue, Taylor also filed suit regarding similar claims when he was housed at the Terrell Unit in 2018-2019. *See Taylor v. Collier, et al.*, Cause No. 3:17-cv-00358, S.D. Tex. In that case, Judge Hanks granted defendants motion for summary judgment and dismissed Taylor's claims with prejudice. *Id.* at ECF Nos. 57, 58. Taylor is barred from resurrecting those claims in this suit.

Taylor seeks compensatory damages, Taylor must demonstrate he suffered a physical injury to entitle him to such damages under the PLRA. The PLRA provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Further, an inmate may not seek compensatory damages "for violations of federal law where no physical injury is alleged." *Mayfield v. Texas Dept. of Criminal Justice*, 529 F.3d 599, 605 (5th Cir. 2008).

While the PLRA does not define what constitutes a physical injury, the Fifth Circuit applied Eighth Amendment standards to determine that an inmate's "injury must be more than *de minimis*, but need not be significant" to be actionable under the PLRA. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). In the absence of a statutory definition of physical injury, the court in *Siglar v. Hightower* looked to the parameters of physical injury as it is defined in excessive force cases. *Id.* In excessive force cases, the Fifth Circuit reasoned, no constitutional protection is afforded for injuries caused by a *de minimis* use of force. *Id.* The *Siglar* court then created a parallel standard for physical injuries under the PLRA by formulating the "more than *de minimis*, but not significant" test: "[W]e hold that the well-established Eighth Amendment standards guide our analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering." *Id.*; *see also Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992) (holding that an Eighth Amendment conditions-of-confinement claim requires harm that is more than *de minimis*). When there is no physical injury and only compensatory damages are sought, the claim for damages should be dismissed. *See e.g. Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 605–06 (5th Cir. 2008).

Here, Taylor does not allege that he suffered any physical injury due to his claims of that he faced intentional discrimination due to his assignment to un-air-conditioned housing. *See* ECF Nos. 1, 4. Taylor alleges that his underlying medical conditions that may be aggravated by the heat but does

6

not describe a single physical injury he has suffered because of his exposure to heat. *See* ECF No. 4 at 3, compare with ECF Nos. 1, 4. Defendants further assert that there is no evidence that he has suffered any physical injury attributable to his conditions of confinement.

Since Taylor has not alleged and cannot show that he suffered any physical injury, let alone one of sufficient consequence that an objective view of it would show he had suffered some lasting disability, or that it was an injury which would cause severe pain over any period of time, Taylor is not entitled to damages under the PLRA.

Consequently, Defendants are entitled to summary judgment on Taylor's claims for damages.

### VII. DEFENDANTS' RESPONSE IN OPPOSITION TO TAYLOR'S MOTION FOR SUMMARY JUDGMENT

Taylor's motion for summary judgment appears to be limited to whether he is entitled to his request for injunctive relief. Because Taylor is now housed in an air-conditioned dorm at the Jester III Unit, his claims for injunctive relief should be dismissed as a matter of law. As stated in Defendants' motion for summary judgment above, once Taylor was assigned to air-conditioned housing, any controversy that existed with respect to the conditions of his confinement disappeared and his claims for injunctive relief should be dismissed as moot. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). As such, Taylor's motion for summary judgment should be denied. *See* ECF No. 34.

Even if Taylor intended to use his motion for summary judgment to seek relief beyond his request for an injunction, such as an award of damages, he has failed to prove beyond a preponderance of the evidence that he is entitled to any other relief. Taylor's motion does not identify what evidence, if any, conclusively establishes his claims in this suit or why he is entitled to relief. Taylor's motion for summary judgment is based only on his own subjective beliefs and is his own unsubstantiated conclusory allegations. Therefore, his motion for summary judgment should be denied.

More critically to his motion for summary judgment, Taylor presents no evidence to overcome Defendants' entitlement to qualified immunity from suit. Once a state employee asserts qualified immunity, the burden shifts to the plaintiff to show that qualified immunity does not bar his recovery. *Salas v. Carpenter*, 980 F.2d 299 (5th Cir. 1992); *Bennett v. City of Grand Prairie*, 883 F.2d 400, 408 (5th Cir. 1989). In order to overcome this presumption, the plaintiff must demonstrate that the defendant's conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987); *Bennett*, 883 F.2d at 408; *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Taylor does not address any of the individual Defendants' entitlement to qualified immunity from suit. *See* ECF No. 34. Defendants asserted their entitlement to qualified immunity in their answer. ECF No. 23. Taylor failed to prove, or even address, the legal basis to overcome Defendants' qualified immunity. As such, Defendants' presumptive entitlement to qualified immunity is preserved, and Taylor's motion for summary judgment must be denied.

## VIII.  CONCLUSION

All claims against Defendants should be dismissed. Taylor's claims for injunctive relief are moot and his claims for damages are barred as a matter of law. Therefore, Defendants respectfully request the Court grant their motion for summary judgment and dismiss all claims against them.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

        **SHANNA E. MOLINARE**
Chief, Law Enforcement Defense Division

*/s/ Jeanine M. Coggeshall*
**JEANINE M. COGGESHALL**
Assistant Attorney General
Texas State Bar No. 24083162
Jeanine.Coggeshall@oag.texas.gov

**OFFICE OF THE ATTORNEY GENERAL**
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9814 (Fax)

**ATTORNEYS FOR DEFENDANTS**

## NOTICE OF ELECTRONIC FILING

I, **Jeanine M. Coggeshall**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files system of the United States District Court for the Southern District of Texas, on April 13, 2022.

        */s/ Jeanine M. Coggeshall*
**JEANINE M. COGGESHALL**
Assistant Attorney General

## **CERTIFICATE OF SERVICE**

I, **Jeanine M. Coggeshall**, Assistant Attorney General of Texas, certify that a true copy of the above has been served by placing it in United States mail, postage prepaid, within one business day of April 13, 2022, addressed to:

Kenneth Taylor, TDCJ #828757        *Via CM/RRR No. 7020 1290 0000 7444 8402*
Jester III Unit
3 Jester Road
Richmond, TX 77406
**Plaintiff** *Pro Se*

                                       */s/ Jeanine M. Coggeshall*
                                       **JEANINE M. COGGESHALL**
                                       Assistant Attorney General