United States Courts
Southern District of Texas
FILED
JUN 27 2022
Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KENNETH TAYLOR §
    Plaintiff, §
§
V. § Civil Action No. 4:21-cv-02161
BRYAN COLLIER, ET AL., §
    Defendants. 

PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION FOR
SUMMARY JUDGMENT AND REPLY & OBJECTION TO
DEFENDANTS RESPONSE TO PLAINTIFF's MOTION
FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF THE SAID COURT:
NOW COMES, KENNTH TAYLOR, Pro Se plaintiff in the above Civil Action and makes this , his response and reply to the defendants filings.

I

PRO SE LITIGATION RULE

Pleadings of a Pro Se complaint should be held to less stringent standards, than formal pleadings drafted by lawyers. The court must construe Pro Se pleadings and arguments liberally in light of the party's lay status, but zealously guard their raison d'ere as neutral and unbias arbite. KING V. LIFE SCHOOL, 809 F.Supp 2d 577 (N.D. Texas 2011); and SHAW V. BISCO, 541 F2d 489(5th Cir. 1976, (97 S.Ct. 1556 Cir. den.)

In the plaintiff's defense, the plaintiff will state the playing feild has beenset, very unfavroble, against him. (1) He has a very limitted knowledge of the law; just what he has learned in the law library, other inmates, and legal books. (2) The Defendants have unlimitted resources through the State of Texas and the Texas Attorney Generals office their counsel.

The Plaintiff is just an unedgicated inmate that was forced to make this filing.

## II
## PACK UNIT A/C INMATE RELATIVITY

The plaintiff has repeatedly stated to this court and shown documentation that he was assigned to the Wallace Pack Unit in Navasota, Texas from August 2014 through January 2017 while the Cole V. Collier, case No. 4:14-cv-1698 was taking places See Document 4 Pages 3, 29, and 33 (plaintiffs Memorandum of Law)

The defendants have not disputed or objected to this in any of their responses, therfore with the limited evidence the plaintiff presented it makes it fact.

Furthermore, the plaintiff was moved for medical reasons, by medical specialist at UTMB Hospital. They stated as follows:

"PLEASE NOTE: RECOMMEND PATIENT BE AT UNIT AS CLOSE TO UTMB AS POSSIBLE DUE TO PATIENT HIGH RISK OF STROKE"

The plaintiff was move because of his Medical Condition/Disabililities and his need to be as close to UTMB Hospital, and not for for any other reasons.

This being the case, the plaintiff's Medical Condition/Disabilities along with this legal action are what have him in "NOW IN AIR-CONDITIONED HOUSIONG" The plaintiff's Medical Condition/Disabilities and needs to be close to UTMB HOSPITAL are what moved hime off the WALLACE PACK UNIT in January 2017 or he would still be their today. This is why the plaintiff believes he should be classified by this court and TDCJ as a <u>A/C PACK INMATE and an order from this Court for relief.</u>

## III
## INJUNCTIVE RELIEF MOOT OR NOT MOOT

The plaintiff wants to bring to the courts attention that placing the plaintiff into Air-Conditioned housing does not mean the need for injunctive relief is moot.

### STANDARD OF REVIEW

A defendants voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice, even in cases in which injunctive relief is sought.

The "capable of repetition, yet evading review" exceptio to the mootness doctrin has two progs: (1) the Challenged action was in

it's duration too short to be fully litigated prior to it's cessation or expiration, (2) there was a expectation that the same complaining party be subject to same again. <u>LOPEZ V. CITY OF HOUSTON 617 F3d 336, 340 (5th Cir. 2010)</u>

In accordance with this principle, the standard we have announced for determining weather a case has been mooted by defendants voluntary conduct is stringent:

> " A case might become moot if subsequent event, events made it absolutely clear that the allegedly wrongful behavior could not reasonable be expected to recur." <u>FRIENDS OF EARTH V. LAIDLAW EVIRON SERV. 528 U.S. 167, 145 L Ed 2d 610, 120 S.Ct. 693 at 708; and UNITED STATES V. CONCETRATED PHOSPHATE EXPORT ASSN. 393 U.S. 199, 203, 89 S.Ct. 361, 21 L.Ed 2d 344 (1968)</u>

The defendants have based their whole legal theory, response, and defense based on the mootness of the plaintiffs request for injunctive rielif, but they have failed to cover two main issues: (i) The plaintiff's complaint listed three types of relief not just one. Injunctive; Declatory; and Monetory. See Document 1 Page 4 (plaintiff's Complaint) Even if injunctive relief is deemed moot he is able to recover damages through RETROSPECTIVE RELIEF. [ to be covered later in this document] (ii) The plaintiff also seeks declatory relief from the court. This being the case the defendants have failed to cover this at all in any of there responses.

The defendants voluntary cessation of the challenged issue at the time of filing this action does not make the case stop or deprive the court of the power, to determine the legality of the case. The defendants placing the plaintiff in air-condition housion does not stop or make it moot. Because there is an expectation that the defendants can do a number of things to remove the plaintiff from air-conditioned housing and other issues that have yet to be delt with. These issues "can" and "most likely" will arise. (a) The plaintiff's heat score can be removed for any unknown reason, even though his Medical Condition/Disabilities will never change. This is something the plaintiff will have to deal with for the rest of his life. (b) KENNETH PUTNAM, Senior Warden Jester III unit cannot speak for the rest of the defendants and does not have the authority to speak for

TDCJ, State Classification, or Bryan Collier, Marica Jackson, or Kim Massey (who has yet to even make any response to the complaint) This being the case the defendants responce is not only incomplete, its VOID And leaves the plaintiff's subject to being housed outside of air-conditioned housing any time if one of those defendants wish's to act. Once this Honorable court turns it's eyes away from this issue and nolonger forced to do the "RIGHT THING" to avoid suit its right back to business as before. In short the wrongful behavior will recur again. see Lopez 617 F 3d 336 and Friens of Earth 528 U.S. 167, 120 S.Ct. 693 at 708. (c) As the plaintiff and the court have seen over the years once the eyes of the court are off them it back too what they were doing before. In Support of this the plaintiff will show the court the following:

(A)

As stated in the plaintiffs Memorandum of law Document 4 pages 2 & 3 the plaintiff was a party of a legal action that y took part in this very court. Please see <u>RAYMOND L. CAVITT, ET AL, V. LORIE DAVIS ET AL., Civil Action 4:19-cv-02881.</u> And reads as follows:

> " " TDCJ IS COMMITTED TO HOUSING ALL 12,000 OFFENDERS WITH HEAT -S SENSITIVE SCORE IN AIR-CONDITIONED HOUSING BY 2021. THESE MEASURES ARE APPROPRIATE WITHIN THE CORRECTIONAL CONTEXT AND EFFECTIVE TO REASONABLY ACCOMMODATE THE NAMED PLAINTIFFS."
>
> "A MORE APPROPRAITE TAILORED REMEDY WOULD ACCOMMODATE THE PLAINTIFFS SPECIFICALLY, RATHER THAN THE ENTIRE JESTER III UNIT."
>
> (see Defendants Motion to dismiss and summary Judgment dated February 10, 2020 Pages 38 & 39)

In these written documents to the court relating to the very same issue the defendants made a clear statement that the issue would be resolved by 2021. But once the eyes of the court were no longer on them. They were back to the same thing.

To give more proof of this mis-conduct the plaintiff will show the court other evidence filed with his Memorandum of Law. (A) see Document 4 pages 55-66 letters to all the defendants addressing the plaintiffs need for air-conditioned housing and what they told this court in February 2020. The defendants refused not only to do any thing about it but would not even respond to the plaintiff.

The plaintiff would also add, pages 16 and 17 of document 4 to

4

as proof that the defendants refused to do the right thing and place the plaintiff in to air-comdidtioned housing. That was right accross the hall in 15 or 16 dorm for which had open bunks at this time. See Document 4 pages 67 through 72 showing that there were empty bunks in the air conditioned housing area on the Jester III Unit at the time.

(B)

There are a number of other factors that need to be taken in to accont when determining whether a request for injunctive relief is mooted or not in such doing the plaintiff would like to point out to the court a number of issues that have not come to the courts attention and they are as follows:

(1) The Cow halls are not air-conditioned and are know to be one of the hotest places on the unit and often held in that heat for long amounts of time. There have been no changes to the feeding arangements of the heat restricted living area to accomadate there needs to be out of the heat. See ( Exhibit A Affidavits relating these issues)

(2) The medical cage used for holding inmates for medical appointments. When we are given medicala; appointments or any other need to be at the medical department were often held in this non air-conditioned area for hours at a time. See (Exhibit A Affidavits relating these issues)

(3) The pill-window is in the main hallwayynear the medical department where there is no air-conditioning and were it of long amounts of time waiting to get out medication. There have been no changes in any way to cut-down the time it takes to get our medication and often we are held in the hot main hall ways for very long amounts of time. See (Exhibit A Affidavits)

These Issues are very important to anyone that has major heat issues and is in air-conditioned housing. Further more at any time the defendants can and will change a heat score witout any bases or change in or medical condition. See (Ehibit B Affidavits showing how this very thing took place.)

## IV
## INJUNCTIVE RELIEF

The defendants total defence is based on the plaintiffs' request for injunctive relief and it being moot. In most cases the plaintiff would agree, but not here. The defendants openly stated to this court in a legal pleading that this issue would be resolved with this plaintiff and all the plaintiffs in the <u>RAYMOND L. CAVITT,ET AL V. LORIE DAVIS ET AL, Civil Action 4:19cv-02881</u>, See page 4 of this document or Defendants Motion to dismiss and summary Judgment dated February 10, 2020.

Then when it was not resolved in 2021 the plaintiff then notifyed the defendants in writting and filed additional greivances about the subject matter of this suit The defendants openly stated that the plaintiff had a medical need for air-conditioned housing but, there was going to not accommodate the plaintiffs medical needs.

> "YOUR GRIEVANCE WAS INVESTIGATED AND DISCLOSED YOU ARE HOUSED APPROPRIATELY PER SCC. THERE IS NOT AN A/C BED TO ACCOMMODATE THE INMATE'S MEDICAL NEEDS AT THIS TIME. HEAT SCORE REVIEWED 3/05/21. NO FURTHER ACTION WARRANTED."

See(pages 16 & 17 of document 4 of this case.)

As is the normal issue when the eyes of the court are off them it's right back to the same old thing.

## STANDARD OF REVIEW

As the Supreme Court of the United States, stated in <u>MUNAF V. GREEN 128 S.Ct. 2207 at 2219</u>

> " A preliminary injunction is an "'etraordinary and drastic remedy,'" it is never aswer as of right, Yakus 321 U.S. 414, 440, 64 S.Ct. 660, 88 L. Ed 834 (1944), Rather, a party seeking a preliminary injunction must demonstrate among other things, " a likelihood of success on the merits."

A number of United States Courts of Appeals have set standards to go by. The four factor test most all us is: (i) party has or will suffer an irreparable injury, (ii) remedoies available at law such as monetary damages are inadequate to compensate for that injury,(iii) considering the balance of hardship between the plaintiff and defendant, a remedy is warranted, and (iv) the public intrest would not be disserved by the injunction. <u>BAKER HUGHES INC. V. NALCO CO. 676 F.SUPP 547 (S.D. Tex. 5th Cir. 2009); ABDUL WALI V. COUGHIN 754 F2d 1915 (2nd Cir. 1985); and ENG V. SMITH 849 F2d 80 at 81 (1988)</u>

— This being the case the plaintiff will brake down each and every point for the court.

(i)
## PARTY HAS OR WILL SUFFER IRREPRABLE INJURY

At the time of the filing of this suit the plaintiff was not housed in air-conditioned housing and had not been since his stroke in June of 2014, when he spent a very long time in and out of the hospital and TDCJ RMF Units that were all air conditioned. Then being assigned to the Wallace Pack Unit in Navasota Texas. Were he had a number of "911" trips to the local hospital and then later UTMB Hospital at Galveston.( the plaintiff has requesed these records from the defendants and the court made an order for them to turn them over but as of the typing of this respons none have as of yet been turned over) This being the case The plaintiff will ask the court to allow this case to go forword with the little documentation that he does have.

It hase been well documented that the plaintiff has a history of Seizure Disorder, TIA's, and Stroke. It has been documented that the plaintiff has not only had major problems dealing with his seizures/ heat related problems/medication, and pain and injury from seizures in a number of forms.

The plaintiff has also had a number of TIA's that are often mastaken for seizures. This can be very harmfull to the plaintiff, because they or a bad seizure can become a full-blown stroke. In this case the damage is unrepairable and can even cause death. There is nothing except God Himself that can stop or change that.

Had this issue been delt with by the defendants as they told this court in 2020, or when the plaintiff requested them to do so in writing in 2021, or resolved the issue by moving accross the hall to air-conditioned housing in 15 or 16 dorm this suit would never taken place.

This being the case the plaintiff seeks this relief to insure his health and safety. Because of the following reasons:

(A) Soon as the eyes of the court are off them and the plaintiff its back to business as normal, just as they did in 2020.

(B) The defendants have repeatedly shown that they will retalate when, The coast is clear so to speak. There is no safe guard in place to keep the defendants from (i) removing his heat score See (Exhibit B-9 Affidavite from Tom White and others showing how that can take place) (ii) @ moving the plaintiff to a unit not equiped to take care of his medical issue or to far from the UTMB Hospital.

7

In addition to all of that when plaintiff addressed these issues to the defendants at the start of 2021. The defendants not only refused to respond to the plaintiff, but when they responded to the plaintiff's additional grievance they out-right **"LIED"**:

> "YOUR GRIEVANCE WAS INVESTIGATED AND DISCLOSED YOU ARE HOUSED APPROPRIATELY PER SCC. THERE IS NOT AN A/C BED TO ACCOMMODATE THE INMATE'S MEDICAL NEEDS AT THIS TIME. HEAT SCORE REVIEW 03/05/21 NO FURTHER ACTION WARRANTED."

See Document 4 pages 16 & 17

This was an OUT AND OUT **"LIE"**, to further show this, the plaintiff will show the following. At the time this took place there was open housing on 15 and 16 dorms, which are and were air-conditioned housing ares at the time of this suits filing. See Document 4 pages 68-72.

The simple fix and remedy at the time was to just move the plaintiff to one of those dorms. But to add insult to injury the defendent's would not, but rather had the plaintiff moved to the LeBlanc Unit in violation of his Medical and Security Needs. See Document 4 page 53.

As stated in the plaintiff's memorandum of Law know to all parties as document 4. He has a Medical Condition/Disability known in basic terms as SEIZURE DISORDER caused from a number of reasons, but highly aggravated by the heat. These seizures are very painful and cause me to have a number of issues as head aches, and nerve pain just to name some of the effects and after effects of the plaintiff's seizure effects , but he has also had bodily injuries as well as temporary vision loss. See( Exhibit C Additional Medical records and Document 4 Page 41)

Seizures can and often are the cause of more Severe medical problems, such as TIA's or a full blown STROKE. Therefore subjecting plaintiff to suffer irrepable harm. As the plaintiff has already shown this court and the defendant. The plaintiff has also shown this court the defendants track record in dealing with the plaintiff's Medical Condition/Disabilities. Therefore plaintiff believes that he has satisfied the first prong of the test for injuncvive relief.

### (ii)
### REMEDIES AVAILABLE AT LAW SUCH AS MONETARY DAMAGES ARE INADEQUATE TO COMPENSATE FOR THAT INJURY

To prove this prong of the test a number of things come to mind.

8

(a) If the plaintiff were to die from his next stroke or be so badly injured there is no amount of money in ther world that can bring him back from the dead. If the plaintiff were to have a major stroke that were to leave him unable to walk, talk or take care of himself there is no amount of money that can fix that. (b) At any time for any reason, the plaintiff can have his heat score remove and then moved from air-conditioned housing. Whether this is done by error on the defendant's part or by an act of intentional action against the plaintiff. This can cause a number of major problems to the health and safety of the plaintiff. Such as being placed in a hotter environment or moved to a hotter parttr of Texas.

After all the plaintiff has already been moved to a TDCJ Unit that placed him in harm and failed to provide him with the proper medical care for his Medical Condition/Disabilities or access to UTMB Hospital. For his needed treatments.

This being the case the plaintiff believes he has satisfied the second prong of the test.

### (iii)
### CONSIDERING THE BALANCE OF THE HARDSHIP BETWEEN THE PLAINTIFF AND DEFENDANT A REMEDY IS WARRANTED

In this case the only hardship has been on the plaintiff, by not being housed in air-conditioned housing as his medical condition/disabilities require, until he filed this suit. There was air-conditioned housing available at the Jester III Unit at the time. But the defendants refued to housed the plaintiff in that housing area. And then after he filed suit they not only put a further hardship, but indangerd his health and safety by sending him to the LaBlanc Unit.

There is no hardship in or on anyone other then the plaintiff therefore the only remedy is injunctive relife to safe gaurd the plaintiff's health and saftey.

This being the case the plaintiff feels he has met this prong of the test and should be granted relief in the form of an injunction or a protective order by this court.

(iv)
## THE PUBLIC INTREST WOULD NOT BE DISERVED BY THE INJUNCTION

It's well within the public's intrest to provent harm to it's citizen's whether in or out of prison. In this case it's well within the power of the court to grant a injunction to guaranty the safety and health of the plaintiff.

V

## PLAINTIFF'S ARGUMENT FOR
## INJUNCTIVE RELIEF

The plaintiff feels he has clearly demonstrated all the points of the test and his need for injunctive relief. The plaintiff would also ask the court to take two thing in to account why reviewing this argument. (1) The plaintiff is not an attorney. (2) None of the four requirments has a fixed quantitative value. Therefore, in applying the four-part test," a sliding scale is utilized, which takes into account the intensity of each in a given calculas. TEXAS V. SEATRAIN int'l, S.A.518 F2d 175, 180 (5th Cir 1975) and KLITZMAN, KLITZMAN & GALLASHER V. KRUT 744 f2d 95 958 (3rd Cir. 1984).
The issues at hand are as follows:

(1) There was a simple way to resolve this issue without involving this HONORABLE COURT at all, but rather than doing the simple means to resolve the issue and move the plaintiff into air-conditioned housing, but they refused even after the plaintiff filed additional grievances and forced him to file this suit, in order to get help. Once the spotlight on them they want to do the right thing. So, its in the best intrest to keep the light on for the health and safety of the plaintiff.

(2) As the plaintiff has shown, should by all rights be considered an AC/PACK inmate because he was housed at the Wallace Pack Unit while the Pack case was taking place but moved for reasons of his medical needs. Those same needs are those that require him to be in air-conditioned housing for his medical condition/diabilities. This very day!

(3) At any time the defendants can have his heat score removed and him moved out of air-conditioned housing.

(4) The danger is still there because without a, [a] written agreement between the plantiff and the defendant's, or [b] a court order onces the eyes of the court are off the defendant's it's right back to business as normal.

Most likely the defendant's will return to the same behavior as before and this same issue will most likely re-occer.

The plaintiff would ask this court with all the plaintiff has shown the: (I) The defendants refusel to release all the records as ORDERED by this court. The plaintiff's reply is and will be missing all the elements to fully prove his case. (II) the defendant's have shown their true intent when they told this court that the plaintiff would be in air-conditioned housing by 2021 and they did not fullfill that obligation as stated in 2020. So, it is the courts turn to make sure it does not take place again. (III) The plaintiff has shown gust cause for relief. But even if the court deems the plaintiff's injunctive relief moot. He is still intitled to have the case go forward under an action of a violation of the Americans with Disabilities Act and the Rehabilitation Act. As well as ADA Retrospective relief.

With all this inlight the plaintiff respectfully request this Honorable Court to grant Summary Judgment in his behalf or set ~~this~~ this case for trial.

VI

ADA RETROSPECTIVE RELIEF

The plaintiff believes he is intitled to ADA Retrospective Relief, even if his injunctive relief becomes moot.

STANDARD OF REVIEW

The standard set forth by the plaintiff comes from **FULTON V. GOORD 591 F3d 37 (2nd Cir. 2009)**

> "In Fulton, the court held fulton has standing to contend that the defendants engaged in disability--based discrimination in violation of the Americans with disabilities Act and Rehabilitation Act.
> Fulton's Complaint sought an injunction, which became moot, however, Fulton's damages for $75,000.00 for retrospective relief is still viable. The court reasons Fulton has standing rooted in Article III's Case-or-Controversy requirement: (1) an "injury in fact," by which is meat "an invasion of a legally protected intrest"; (2) " a causal connection between the injury and the conduct complained of"; and (3) a likelihood that the injury will be redressed by favorable decision. quoting **LUJAN V. DEFENDERS OF WILDLIFE 504 U.S. 555,5560,**

<u>112 S.Ct. 2130 (1992)</u> The legally protected intrest "mat exist soly by virtue of Statutes created by legal rights, the invision of which creats standing" <u>WARTH V. SELDIN, 422 U.S. 490, 500,95 S.Ct. 2197 (1975)</u> Accordingly, "Standing is guarded by the specific commo-law, Statutory or Constitutional claims that a party presents." <u>Int'l PRIMATE Prot. LEAGUE V. Adm'rs of TULANE Educ. FUND, 500 U.S. 72, 77 111 S.Ct. 1700</u>

The plaintiff filed his suit pursuiant to the AMERICANS WITH DISABILITIES ACT AND THE REHABILITATIONS ACT and believes he is intitled to releif under ADA Retrospective relief. He makes this claim for the following reasons:

(1) the defendants knowingly and intentionaly discriminated against the plaintiff, a disabled person as define by the Americans with Disabilities Act. That intentional discrimanation was " refusing the plaintiff access to air-conditioned housing at the Jester III Unit. The plaintiff medical Condition/disabilities require him to be housed in air-conditioned housing. That is just one of the reasons he is classified as a heat sensative inmate.

( 2) The defendants openly admitted that the plaintiff needed to be housed in air-conditioed housing but refued to house him in such until after he filed suit on the defendant's.

(3) Just days after the plaintiff filed suit the defendant's had the plaintiff reassigned to the LaBlonc Unit in Beaumont, Texas a TDCJ prison Unit that could not meet his meadicl or security needs. It's the plaintiff's belief this move was made to hinder the plaintiff's legal action and try to despose of the action. Over the time this case has been taking place the defendants have try all kinds underhanded moves to hinder the plaintiff.
Just to name some (i) sending there responce to the wrong address; (ii) Moving the plaintiff from Jester III to Leblonc; (III) refusing to turn over all the requested records and not complying with the ORDER of the court to do so.

IN suport of this the plaintiff would like to remind the court that the UNITED STATES CONGRESS inactted the Americans with Disabilities act, to protect people with disabilities from this type of thing from happening. This being the case the plaintiff would ask the court to grant him summary judgment or set this case for trial.

# VII
## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## SUMMARY JUDGMENT

As stated already, the defendant's whole defence is rooted in the plaintiff's injuctive relief being moot. The defendants point to two main issues:

(A) TAYLOR'S REQUEST FOR INJUNCTIVE RELIEF IS MOOT BECAUSE TAYLOR IS HOUSED IN AIR-CONDITIONED HOUSING.

(B) DEFENDANT'S ARE ENTITLED TO SUMMARY JUDGMENT ON TAYLOR'S CLAIM FOR MONEY DAMAGES.

The plaintiff will adress these points as best he can and thay are as follows:

### (A)

The defendant's claim that the plaintiff's injunction is moot. The defendant's claim of the plaintiff being housed in air-condition housing and will be as long as he has a heat score, in the summer months does not hold water factually or legally. The plaintiff will show the court the following:

(1) There are five defendants in this case one of which has not responded at all (Kim Massy[head of state Classification for TDCJ] ) Warden Kenneth Putnam can not speak for any of the other defendant's or TDCJ, as a whole. Furthermore, when Warden Putnam is no longer warden of Jester III, the new warden can do what ever he wants. (2) The defendants state the plaintiff will be housed in air-conditioned housing in the summer months. This is not adoquit because it's often hot in the spring, winter, and fall and air-conditioned housing is needed. see (Exhibit D record of the local temp. for this area). (3) The plaintiff has already been move in and out of air-conditioned housing. When he was moved back to the Jester III Unit in December of 2021. Again there were some day where air-conditioned housing were needed. (4) It's a known fact that heat scores have been removed and them moved out of air-conditioned housing or just moved from air-conditioned housing to non-air-conditioned housing out of spite. See (Exhibit B Affidavits of such.) (5) None of the other defendant's have submitted affivaits in support of any findings in this case. Nor have thay made any attemp to make an agreement with the plaintiff. Again the plaintiff would like to remind the court-

not all defendants have made a response to this suit. This being the case the defendants have failed to reply as a whole therefore thay are in defalt.

This shows there is a genuine controversy, because of the defendants past, present and future actions.

(B)

The defendants claim to be entitled to summary Judgment on the plaintiff's claims on money damages are without merit and the plantiff will show the court the following:

(1st) plaintiff would like to state that any time the plaintiff suffers a seizure, it causes an injury whether minor or major. As the plaintiff has shown in document 4 pages 40 & 42 he has suffered a from injuries from not being able to walk to loosing his eye sight and needing on going treatment from eye specialist at UTMB hospital at the Ophthalmology Department. Further more the defendants refuse to turn over the documents requested by the plaintiff and this court has ordered. These records would help the court have a very clear understanding of any and all injuries and the danger of any injuries to come........

(2nd) The claims the plaintiff brings are ADA and RA claims. These claimes adress Intentiomal Discrimination. Under Title II of ADA the plaintiff does not have to show injury, but he has through his exhibits The defendant do not have immunity of any kind under Title II, The United States Congress stripped everyone of any kind of immunity. The Supreme Court has also recognized that "that insofar as Title II creat a private cause of action against the Fourteenth Amendment, Title II validly abrogates State Sovereign Immunity." UNITED STATES V. GEORGIA 126 S.Ct. 877 (2006) ; and NC COLLUM V. LIVINGSTON U.S. Souther.Dist. Tex.2017 Lexis 196023, Civil Action No. 4:14-cv- 2353, In addition plaintiff did make know to the court and the defendants they had no immunity under ADA Title II.

(3rd) Plaintiff has made no other ADA Or RA claim under Intentional Discrimination there for this issue is not bard from review and he is intitled to have this case heard and go forward in this court. The defendants are not intitled to Summary Judgment, but in fact plaintiff is intitled to summary Judgment, or the case set for trial.

Furthermore the plaintiff's Memorandum Of Law, also know as Document 4 has pages and pages of evidence that support his claims, but

14

the plaintiff could prsent more evidence had the defendant's turned
the requested evidince as ordered by this court.

## IIX
## CONCLUSION

The plaintiff will bring forth his conclusion in the following
way, he will high light what he feels are important to this case.
Thay are as follows:

### (1)

The defendant's have not disclosed all the records needed for
the plaintiff's case as ordered by this court. This has caused
the plaintiff not to be able to present his case in whole and def-
end against the defendants alagations and unfactual presantation.
This being the case the plaintiff would ask this HONORABLE COURT to
give a contemp citation and fine on the defendants until they turn
over the requested documents and set this case for trial, or grant
Summary Judgment to plaintiff.

### (2)

The whole basis of this suit was and is Intentional Discrimi-
nation of a Disabled person under ADA, ADAAA and RA. The plaint-
iff has never filed such a claim to the best of his knowledge. The
defendant's bring in to question some of the issues as questioable
or past litigation. The plaintiff will say he has raised 8th Amend-
ment issues of the heat before while at C.T. Terrell Unit, but he
has never raised ADA Intentional Discrimination or failure to Accom-
adate a Disabled Person in any court to the best of his knowledge.
The defendants are trying to cloud the facts of the case, muddy the
water, and distort the true issue before the court. The plaintiff
would ask the court to see the case as it is wrong V. right.

### (3)

The plaintiff should be considered a A/C pack inmate because
he was housed at the Wallace Pack Unit in Navasota, Texas. While the
Cole V. Collier case was taking place from August 2014 through Jan-
uary 2017.

### (4)

The plaintiff has supplied a number of records that show he
has been injured from seizures, TIA's and past strokes See Document
4 pages 40 & 41 and (Exhibit C additional medical records).. Not

being able to walk or see have to be injuries of some kind. The defendants refuse to turn over the records of 911 trips to the hospital.

The plaintiff still has vision issues even to this very day and has to go to eye specialist at UTMB hospital Ophthalmology Department. Again we have issues of records that the defendant's should have turned over but did not and will not.

(5)

The plaintiff's last point is in the plaintiff's Motion for Summary Judgment, he made a claim that the defendants have openly admitted, two times the plaintiff needed air-conditioned housing. But refused to house the plaintiff in that area, for which was available at the Jester III Unit.

Furthermore this is an ongoing Continous Tort under Texas law. See plaintiffs Motion for Summary Judgment. The defendant's have not rebutted this claim therefore it becomes fact and shows Intentional Disability Discrimanation by the defendant's, and entitles the plaintiff to Summary Judgment as a matter of law.

In closing the defendants have through out this case have done every underhanded, low-down move to hinder the plaintiff's ability reply, respond, and present evidence in this case.

In light of all that has taken place through-out this legal action, the plaintiff feels it's only right and within the courts power to grant summary judgment to the plaintiff or order this case be set for trial.

IX

The plaintiff prays this honorble court grant relief in part or all for him in this case.

RESPECTFULLY SUBMITTED

Kenneth Taylor Pro-Se
#828757 Jester III Unit

X

CERTIFICATE OF SERVICE

I, Kenneth Taylor, hereby cirtify a true and correct copy of this document was sent by U.S. Mail to Jeanine Coggeshal, at P.O. Box 12548, Capital Station, Austin, Texas 78711 (Ass. Texas Attornry General) Executed this 25th day of June 2022.    RESPECTFULLY SUBMITTED

Kenneth Taylor

16

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT FOR THE SOUTHER DISTRICT OF TEXAS<br>Att: Clerk<br>P.O.Box 61010<br>Houston, Texas<br>77208 | United States Courts<br>Southern District of Texas<br>FILED<br>JUN 27 2022<br>Nathan Ochsner, Clerk of Court | June 25, 2022<br>Kenneth Taylor<br>TDCJ #828757<br>Jester III Unit<br>3-Jester Road<br>Richmond, Texas<br>77406 |

RE: Taylor V. Collier et al., Civil Action No. 4:21-cv-02161

Dear Clerk,

Enclosed is the plaintiffs response to the defendants filings to be filled in your court.

RESPECTFILLY SUBMITTED

Kenneth Taylor
TDCJ # 828757
Jester III Unit
3-Jester Rd.
Richmond, TX 77406

United States District Court
For the Southern District of Texas
Attn: Clerk
P.O. Box 61010
Houston, TX 77208

U.S. District Courts
Southern District of Texas
FILED
JUN 27 2022
Nathan Ochsner, Clerk of Court