IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KENNETH TAYLOR, (TDCJ #00828757) § § § Plaintiff, § § v. § § BRYAN COLLIER, *et al.*, § § Defendants. § | CIVIL ACTION NO. H-21-2161 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Taylor, presently confined at the Jester III Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ), filed a civil-rights complaint under 42 U.S.C. § 1983, alleging violations of the Americans with Disabilities Act (ADA), as amended by the ADA Amendments Act of 2008 (ADAAA), the Rehabilitation Act (RA), and the Eighth and Fourteenth Amendments of the United States Constitution. (Docket Entry Nos. 1, 4). Taylor alleges that the defendants have not provided him with air-conditioned housing based on his medical conditions and thereby have placed him at an increased risk for stroke, seizures, and death.

Taylor has filed a motion for summary judgment. (Docket Entry No. 34). Defendants Bryan Collier, Marcia Jackson, Kenneth Putnam, and TDCJ have filed their own motion for summary judgment. (Docket Entry No. 57). Taylor has responded. (Docket Entry No. 64). Having considered the parties' briefing, the applicable law, and the record, the court grants the defendants' motion for summary judgment, denies Taylor's motion for summary judgment, and dismisses the case.

**I.      Background**

Taylor suffers from several medical conditions—namely, chronic ischemi heart disease, carotid artery stenosis disease, seizure disorder, and asthma—that he states are highly aggravated by the heat. (Docket Entry No. 4 at 3–6). He asserts that he is classified as a "heat sensitive offender" with a heat score of "1." (*Id.* at 3). Taylor alleges that he has repeatedly requested a reasonable accommodation for his disabilities in the form of air-conditioned housing, but has been refused. (*Id.* at 2). Since Taylor filed this lawsuit, however, he has been moved into an air-conditioned dorm at the Jester III Unit. (*See* Docket Entry No. 57-1 at 1).

In July 2021, Taylor filed this civil-rights complaint under 42 U.S.C. § 1983, asserting that the following TDCJ employees violated his rights under the ADA, the ADAAA, the RA, and the Eighth and Fourteenth Amendments of the United States Constitution: (1) Bryan Collier, TDCJ Executive Director; (2) Kim Massey, Director of State Classification; (3) Kenneth Putnam, head warden at the Jester III Unit; (4) Marcia Jackson, Director of Region III; and (5) TDCJ. (*See* Docket Entry Nos. 1, 4). Taylor sues the defendants in their individual and official capacities. (Docket Entry No. 1 at 6). As relief, Taylor seeks to be placed in air-conditioned housing, damages in the amount of $25,000 "per defendant per year dating back to June 2014," and unspecified declaratory relief. (*Id.* at 4).

On October 13, 2021, this court ordered the defendants to file an answer. (*See* Docket Entry No. 12). On December 13, 2021, defendants TDCJ, Collier, Jackson, and Putnam filed an answer.[1] (*See* Docket Entry No. 23).

---

[1] The Officer of the Attorney General informed the court that it did not have the authority to represent defendant Massey, and it requested to file Massey's last known address under seal. (*See* Docket Entry No. 24). On January 6, 2022, the court ordered service by U.S. Marshal on Massey at her last known address. (Docket Entry No. 36). After attempting service on Massey, the U.S. Marshal filed a return of service, stating that when Massey was contacted via telephone, she stated that she would be residing out of state "for a few months." (*See* Docket Entry No. 40).

Taylor has filed a motion for summary judgment. (Docket Entry No. 34). Defendants TDCJ, Collier, Jackson, and Putnam have also filed a motion for summary judgment, arguing that Taylor's request for injunctive relief is moot now that he has been placed in air-conditioned housing and that the claims against them should be dismissed. (Docket Entry No. 57). Taylor has filed a response to the defendants' motion for summary judgment. (Docket Entry No. 64).

## II.   Legal Standards

### A.   Summary Judgment

"Summary judgment is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a)). "In making that determination, a court must view the evidence 'in the light most favorable to the [nonmoving] party.'" *Id.* at 657 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine [dispute] of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). "A fact 'is material if its resolution could affect the outcome of the action.'" *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (quoting *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 134 (5th Cir. 2010)). "A dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

If the moving party satisfies its burden to show no genuine dispute of material fact, the burden shifts to the nonmoving party to show that the motion should not be granted. *See Edwards v. Continental Cas. Co.*, 841 F.3d 360, 363 (5th Cir. 2016) (quoting *Ragas v. Tenn. Gas Pipeline*

*Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). To meet that burden, "the nonmovant must 'identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim.'" *Id.* (quoting *Ragas*, 136 F.3d at 458). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient . . . to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992)). In addition, Federal Rule of Civil Procedure 56 does not require the district court to "sift through the record in search of evidence to support" the nonmoving party. *Carr v. Air Line Pilots Ass'n Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). Instead, the nonmoving party must identify specific evidence in the record and clearly explain how that evidence supports his or her claim. *Id.* But the court will "still draw all inferences in the plaintiff's favor." *Dyer*, 964 F.3d at 380 (quoting *Taylor v. Stevens*, 946 F.3d 211, 217 (5th Cir. 2019)).

  **B.** **A Self-Represented Litigant's Pleadings**

Because Taylor is representing himself, the court construes his filings liberally, subjecting them to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Even under this lenient standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013) (internal quotation marks omitted)). "*Pro se* litigants must properly plead sufficient

facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (footnotes omitted).

### III.     Analysis

#### A.     Claims Under the ADA and RA

The ADA provides: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, under the RA, "[n]o . . . qualified individual . . . with a disability . . . shall, solely by reason of her or his such disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any such program or activity receiving Federal financial assistance. . . . " 29 U.S.C. § 794(a). "The remedies, procedures, and rights available under the [RA] parallel those available under the ADA. . . . Thus, [j]urisprudence interpreting either section is applicable to both." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020) (internal citations and quotation marks omitted). The court will analyze Taylor's ADA and RA claims as though they were raised as a single claim.

To establish a claim under the ADA or RA, a plaintiff must show that: "(1) he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Miraglia v. Bd. of Supervisors of La. State Museum*, 901 F.3d 565, 574 (5th Cir. 2018) (quoting *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (per curiam)). Assuming without deciding that Taylor meets the first two prongs, he has failed to establish the third prong. Taylor does not allege that any defendant denied him

access to air-conditioned housing *because* of his disability, nor does any evidence in the record support such a claim. Absent a showing that Taylor was discriminated against or adversely treated by reason of his disability, the defendants are entitled to summary judgment on Taylor's claims under the ADA and RA. *See, e.g.*, *Taylor v. City of Shreveport*, 798 F.3d 276, 284 (5th Cir. 2015) ("[T]o prevail on a Rehabilitation Act claim, the plaintiff must ultimately prove that the defendant discriminated against him or her *solely* on the basis of disability"); *Davidson v. Tex. Dep't of Crim. Just.*, 91 F. App'x 963, 965 (5th Cir. 2004) (per curiam) (holding that plaintiff's "ADA claim lacks merit because he has not alleged or shown that he was adversely treated solely because of his handicap of mental illness"); *Hay v. Thaler*, 470 F. App'x 411, 418 (5th Cir. 2012) (per curiam) (holding that plaintiff failed to present a prima facie case under both the ADA and RA because he did not claim that the defendants' alleged discrimination was by reason of his disabilities).

      **B.**     **Constitutional Claims**

In his complaint, Taylor originally asserted claims under the ADA, RA, and the Eighth and Fourteenth Amendments. It appears, however, that Taylor has dropped his claims under the Eighth and Fourteenth Amendments, as he did not respond to the defendants' assertion in their motion for summary judgment that they interpreted Taylor's pleadings as only seeking monetary damages under the ADA. And, his own motion for summary judgment and his response to the defendants' motion for summary judgment do not mention the Eighth or Fourteenth Amendments and contain no analysis regarding either. In fact, these filings appear to specifically assert that Taylor seeks relief under only the ADA and RA. (*See* Docket Entry No. 34 at 7) ("In conclusion the plaintiff has shown this court that he is a disabled person as defined by A.D.A., A.D.A.A.A., and R.A."); (Docket Entry No. 64 at 15) (Taylor asserting that "[t]he whole basis of this suit was and is

6

intentional discrimination of a Disabled person under ADA, ADAA[A], and RA."). In any event, Taylor cannot prevail on any alleged constitutional claims.

The defendants argue that Taylor's request for injunctive relief is moot because he is now being housed in an air-conditioned dorm at the Jester III Unit. In an affidavit attached to the defendants' motion for summary judgment, defendant Kenneth Putnam, the current warden at the Jester III Unit, declares that "Mr. Taylor is currently classified as heat sensitive. He is housed in Dorm 1 of the Jester III unit, which is an air-conditioned dorm. Based on his heat sensitivity classification, he will continue to be housed in an air-conditioned dorm throughout the summer months." (Docket Entry No. 57-1).

Taylor does not dispute that he has now been placed in air-conditioned housing at the Jester III Unit. He asserts, however, that his request for injunctive relief is not moot because his heat score can change, being housed in air-conditioned housing in only the summer months is not adequate, and defendant Warden Putnam cannot speak on behalf of the other defendants. (Docket Entry No. 64 at 3, 13).

An action becomes moot "when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff." *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) (per curiam) (quoting *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013)); *see also Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Walters v. Livingston*, 642 F. App'x 416, 418 (5th Cir. 2016) (per curiam) (affirming dismissal of inmate's federal injunctive-and-declaratory-relief claims because the "claims became moot upon [the inmate's] release from prison") (citing *Herman*, 238 F.3d at 665 and *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Pls.)*, 668 F.3d 281, 286 (5th Cir. 2012)). Taylor's transfer to an air-conditioned dorm has mooted his request to be housed in air-conditioned housing.

Any speculation that his heat score can change or that a future warden who is not Warden Putnam will disagree with Warden Putnam's assessment is too speculative to merit permanent injunctive relief. *See Fluker v. King*, 679 F. App'x 325, 328 (5th Cir. 2017) (per curiam) ("[A]ny suggestion of relief based on the possibility of transfer back . . . is too speculative to warrant relief."); *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Jurisdiction over a plaintiff's claims for future relief is appropriate only if a reasonable likelihood exists that the plaintiff will again be subjected to the allegedly unconstitutional actions.") (citations omitted).

As for money damages, the individual defendants are immune from any claim for monetary damages against them in their official capacities. *See Williams v. Banks*, 956 F.3d 808, 810 (5th Cir. 2020) ("Claims for money damages against state officials in their official capacities are generally barred by state sovereign immunity unless Congress has validly abrogated that immunity or the state has consented to suit."); *McCord v. Maggio*, 927 F.2d 844, 847 (5th Cir. 1991) ("[I]t is well established that the Eleventh Amendment bars actions for nonprospective relief against a state official in his or her official capacity."). As for damages against the defendants in their individual capacities, Taylor's claims for damages are barred by statute. The PLRA precludes an action for compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e); *see also Geiger v. Jowers*, 404 F.3d 371, 374–75 (5th Cir. 2005). Taylor does not allege that he has suffered any physical injury as a result of the alleged violation of his rights. Because the damages sought by Taylor are barred by the PLRA, any Eighth or Fourteenth Amendment claims against the defendants in their personal capacities fail.[2]

---

[2] Taylor also named Kim Massey, who has not been served, as a defendant. The Fifth Circuit has recognized that when one defending party establishes that the plaintiff has no cause of action, this defense generally inures also to the benefit of other similarly situated defendants. *See Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (quoting *United States v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967) (citations

### C. Pending Motion to Supplement

Taylor has filed a motion to supplement his complaint, (Docket Entry No. 21), along with the proposed supplement, (Docket Entry No. 20), requesting to add claims related to events that occurred at the LeBlanc Unit. This motion will be denied under Federal Rule of Civil Procedure 15(d). The events alleged in the motion are not germane to Taylor's claims in this suit under the ADA and RA and Taylor could bring a separate lawsuit to pursue these new, distinct claims. *See Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998); *Lowrey v. Beach*, 708 F. App'x 194, 195 (5th Cir. 2018) (per curiam). The court in its discretion denies Taylor's motion to supplement the complaint, (Docket Entry No. 21), with new claims and defendants.

## IV. Conclusion and Order

Plaintiff Kenneth Taylor's motion for summary judgment, (Docket Entry No. 34), is denied. Defendants Bryan Collier, Marcia Jackson, Kenneth Putnam, and the Texas Department of Criminal Justice's motion for summary judgment, (Docket Entry No. 57), is granted. Taylor's motion to supplement his complaint, (Docket Entry No 21), to add claims related to events that occurred at the LeBlanc Unit are denied without prejudice to re-filing in the correct judicial district. Any and all other pending motions are denied as moot. The complaint is dismissed with prejudice. Final judgment is entered separately.

SIGNED on July 21, 2022, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

---

omitted)). The court notes that Taylor's claims against Massey fail for the same reasons set forth above in connection with his claims against the other defendants and the claims against Massey will be dismissed as well.